### COMMONWEALTH *vs.* JAMES McSHANE.

A conviction may be had on an indictment upon the Gen. Sts. *c.* 87, §§ 6, 7, for maintaining a tenement for the illegal keeping and sale of intoxicating liquors, although the only evidence is as to liquors for keeping which with intent to sell the defendant has been already indicted, convicted and punished.

INDICTMENT on the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining a tenement in Salem used by the defendant for the illegal keeping and sale of intoxicating liquors.

At the trial in the Superior Court, before *Putnam*, J., one Boynton testified that on November 15, 1871, he found the defendant at a house in Salem, in a room fitted up as a bar-room, in which he found several kinds of liquor, in small quantities, some of it being concealed; that at the same place, on December 18, 1871, he found about a gallon of rum and a small quantity of whiskey; and that the defendant was there at the time, and had some conversation with the witness tending to show that he kept the place. There was no evidence as to any other times or occasions than these two, and there was no evidence of any sales.

It was admitted by the district attorney that Boynton, on each of these occasions, made a complaint against the defendant to the Police Court of Salem, for keeping intoxicating liquors with intent to sell; that the defendant pleaded guilty, and paid a fine and costs on each occasion; and that the liquor which he was then charged with keeping was the same which was testified to by the witness.

The defendant asked the judge to rule that he could not be convicted upon this indictment, inasmuch as he had been convicted and punished for keeping all the liquor which he was shown to have kept in the tenement in question. But the judge ruled otherwise, and instructed the jury "that if they were satisfied that the defendant, during the time named in the indictment, maintained the tenement for the illegal keeping of intoxicating .quors, they were authorized to convict him, although there was no evidence of any such keeping of liquors except that for which he had already been punished." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*S. B. Ives, Jr.*, for the defendant. If the ruling was right, the defendant may be punished twice for the same offence. If the statute authorizes such ruling, it is in violation of the Declaration of Rights, art. 26.

*C. R. Train*, Attorney General, for the Commonwealth, cited *Commonwealth* v. *Harrison*, 11 Gray, 308; *Commonwealth* v. *Shea*, 14 Gray, 386; *Commonwealth* v. *Trickey*, 13 Allen, 559; *Commonwealth* v. *McCauley*, 105 Mass. 69; *Commonwealth* v. *Sheehan*, Ib. 192; *Morey* v. *Commonwealth*, 108 Mass. 433.

BY THE COURT. Keeping a tenement for the illegal sale of intoxicating liquors, and thereby making the tenement a nuisance, is a different offence from keeping such liquors for sale contrary to law, and a conviction of the offence last mentioned may take place, and proof of the same keeping may furnish proof of the nuisance. There is no plea in this case of *autrefois convict ;* and if there were, it could not avail. See the cases cited by the Attorney General. *Exceptions overruled.*