STATE *vs.* WILLIAM GUINNESS.

A statute provided that the word "intoxicating" should include any liquor or mixture of liquors containing more than two per cent. by weight of alcohol, and prohibited the sale of intoxicating liquors.

*Held,* that the statute was constitutional and a valid exercise of the police powers of the State.

A justice or clerk of a district court may by an amanuensis reduce a complaint to writing. The justice or clerk makes the work his own by swearing the complainant and issuing the warrant.

Pub. Laws R. I. cap. 596, § 1, of May 27, 1886, as amended by Pub. Laws R. I. cap. 634, § 1, of May 4, 1887, no longer contains the words "within this State," so that the words "within this State" need not in a complaint be added to the words "for the purpose of sale."

A court received a verdict against A. who was absent and on bail.

*Held,* in the absence of evidence to the contrary, that A. was voluntarily absent and waived his right to be present.

EXCEPTIONS to the Court of Common Pleas.

*January* 4, 1889.  PER CURIAM.  The complaint charges that at Pawtucket on the twenty first day of April, A. D. 1888, the defendant, " without lawful authority, did then and there keep and suffer to be kept on his premises, in his possession and under his charge, ale, wine, rum, and other strong and malt and intoxicating liquors, and mixed liquors, a part of which was ale, wine, rum, and other strong and malt and intoxicating liquors, and certain liquors and mixtures of liquors containing more than two per cent. by weight of alcohol for the purpose of sale, against the statute," etc.  The complaint was originally preferred in the District Court of the tenth judicial district, and came up on appeal to the Court of Common Pleas.  In the latter court the defendant moved to quash the complaint alleging three grounds for the motion, to wit : " *First.* The statute making liquors containing more than two per cent. of alcohol intoxicating is unconstitutional. *Second.* The warrant is written out by the chief of police and not by the clerk or justice of the court. *Third.* The warrant does not allege that the goods were kept for sale within this State."  The court overruled the motion, and the defendant excepted.

We suppose the first ground has reference to the part of Pub. Laws R. I. cap. 596, § 1, of May 27, 1886, as amended by Pub. Laws R. I. cap. 634, § 1, of May 4, 1887, which enacts that

" Wherever the words intoxicating liquors shall be used in this act they shall be deemed to include ale, wine, rum, or other strong or malt liquors, or any mixed liquors a part of which is ale, wine, rum, or other strong or malt liquors, or any liquor or mixture of liquors which shall contain more than two per cent. by weight of alcohol." These words do not purport to change the nature of things and make liquors intoxicating which are not intoxicating, but simply enact that the words " intoxicating liquors, where used in the act, shall be deemed to include any liquor or mixture of liquors which shall contain more than two per cent. by weight of alcohol," whether intoxicating or not. It may be that the legislature thought that the sale of such liquors would foster an appetite for stronger liquors and should be stopped for that reason ; or it may be that they thought that the establishment of such a percentage would make it easier to enforce the law as a law to suppress the traffic in intoxicants by making evasion more difficult. We think that in either view the enactment is constitutional as an exercise of police power. *State v. Gravelin, infra,* p. 407, and cases there cited ; *State* v. *McKenna, ante,* p. 398. It is no objection to the complaint that it charges explicitly what the word " intoxicating " imports by force of the statute beyond what it would otherwise import.

To the second point the defendant cites the statute, Pub. Laws R. I. cap. 598, § 10, of May 27, 1886, which provides that whenever any complaint shall be made to any justice or clerk of any district court of the commission of any offence within his district, " he shall examine the complainant under oath or affirmation relative thereto, and reduce the same to writing and cause the same to be signed by the complainant." We do not think this makes it necessary for the justice or clerk to write the complaint with his own hand. The usual rule applicable to mere manual or ministerial work, *qui facit per alium facit per se,* applies to the writing of such a complaint. The justice or clerk by swearing the complainant and issuing the warrant makes the work his own.

The statute, Pub. Laws R. I. cap. 596, § 1, as amended by cap. 634, § 1, omits the words " within this State," so that now the offence of keeping is committed by keeping the prohibited liq-

uors within this State for the purpose of sale, whether within the State or elsewhere. It is therefore no longer necessary to add the words "within this State," after the words "for the purpose of sale," in charging the offence. See *State* v. *Fitzpatrick, ante,* p. 54.

The defendant excepts because the court received the verdict of the jury when he was not present. It appears, however, that he was at large on bail, and therefore it must be presumed, in the absence of evidence to the contrary, that he was voluntarily absent. If so there was no error, his absence being a waiver of the right to be present. *Wilson* v. *The State,* 2 Ohio St. 319; *Hill* v. *The State,* 17 Wisc. 697; *State* v. *Wamire,* 16 Ind. 357; *Price* v. *State,* 36 Miss. 531. *Exceptions overruled.*

*Horatio Rogers,* Attorney General, for plaintiff.

*Hugh J. Carroll & Thomas J. McParlin,* for defendant.