COMMONWEALTH *vs.* EDWARD BRELSFORD.

Middlesex.    January 29, 1894. — March 5, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, & MORTON, JJ.

*Intoxicating Liquors — Constitutionality of Statute — Evidence.*

The provision of St. 1888, c. 219, that "any beverage containing more than one per cent of alcohol, by volume, at sixty degrees Fahrenheit, . . . shall be deemed to be intoxicating liquor within the meaning of" Pub. Sts. c. 100, is constitutional.

At the trial of a complaint for keeping and maintaining a liquor nuisance, the defendant has no ground of exception to the refusal of the judge to allow samples of beer taken from the defendant's premises to be tasted by the jury, for the purpose of determining whether it is or is not intoxicating.

Evidence that the defendant has been convicted of the offence of illegally selling intoxicating liquors, is admissible at the trial of a complaint for keeping and maintaining a liquor nuisance during a period which includes the date of such sale.

At the trial of a complaint for keeping and maintaining a liquor nuisance, a certificate by the State assayer of the result of his analysis of certain beer is admissible in evidence for the purpose of identifying the beer so analyzed as that taken from the defendant's premises.

The fact that samples of liquor were taken illegally from the defendant's premises by police officers does not render evidence that they were found by analysis to contain more than one per cent of alcohol incompetent at the trial of a complaint for keeping and maintaining a liquor nuisance.

COMPLAINT, to the Police Court of Lowell, for keeping and maintaining a certain tenement in Lowell used for the illegal sale and illegal keeping of intoxicating liquors, between May 1 and November 1, 1892.   Trial in the Superior Court, on appeal, before *Braley,* J., who allowed a bill of exceptions, in substance as follows.

The gist of the complaint, as shown in the evidence, was that the defendant kept and sold illegally a certain beverage known as "dandelion beer," containing more than one per cent of alcohol, and had violated the statute.   The defendant asked the judge to rule that the St. 1888, c. 219, was unconstitutional and void; that said statute was therefore not binding; and that the defendant had violated no law of the Commonwealth, as set out in the complaint and shown in the evidence.   The defendant offered to show, by samples of the beer, that it was not intoxi-

cating, and asked that the same be given to the jurors for them to taste and test as to its being or not being an intoxicating liquor; but the judge rejected the offer. The defendant also offered to prove that the samples offered in evidence were identical in every respect with beer taken by samples in October, 1892, from the defendant's premises by officers, which the government offered evidence from the State assayer and inspector of liquors tending to show were intoxicating liquors. The judge rejected the offer; and the defendant excepted.

It appeared in evidence that on August 3, 1892, the defendant was convicted in the Police Court of Lowell of illegally selling such dandelion beer; and that the offence of which the defendant was convicted was committed on July 23, 1892. The defendant objected to the introduction of any evidence by the government of any of the defendant's acts alleged in that complaint, and committed by the defendant on or about July 23, 1892; and contended that the defendant could not be twice punished constitutionally for the same offence.

The State assayer was called as a witness by the government, and allowed to testify only as an expert in chemistry to the result of his analysis of the beer taken from the premises of the defendant between May 1 and November 1, 1892. For the purpose of identifying the beer thus analyzed by the witness as the beer taken from the premises of the defendant, the government introduced in evidence certain certificates signed by the State assayer. The blank certificates had been wrapped around the bottles containing the beer to be analyzed before the same were sent to the State assayer, and the blanks had been removed therefrom and filled by him at the time of his analysis, and set forth the results of the same, showing that the beer contained more than one per cent of alcohol by volume at sixty degrees Fahrenheit. The defendant objected to the admission of these certificates, but the judge admitted them solely for the above mentioned purpose; and the defendant excepted.

It appeared in evidence that the samples were taken from the cellar in the defendant's dwelling-house, against the defendant's protest and objection, under an alleged search and seizure warrant; that no store or place of business was then kept in the dwelling-house; and that no liquors were then taken therefrom

but the samples. The defendant objected to any evidence from the State assayer as to his analysis of the samples, because they were not legally taken by the officers.

The judge overruled the objection, and allowed the assayer to testify that his analysis of the samples showed more than one per cent of alcohol when thus taken, the analysis being made about four days after the seizure.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. F. Manning,* for the defendant.

*F. N. Wier,* District Attorney, for the Commonwealth.

FIELD, C. J.   The first exception raises the question of the constitutionality of St. 1888, c. 219, so far as it enacts that "any beverage containing more than one per cent of alcohol, by volume, at sixty degrees Fahrenheit, . . . shall be deemed to be intoxicating liquor within the meaning of " Pub. Sts c. 100.

In *Commonwealth* v. *Anthes,* 12 Gray, 29, 32, the defendants were indicted, under St. 1855, c. 215, §§ 15, 17, for unlawfully selling intoxicating liquors; the evidence showed sales of lager beer; the statute, by its first section, provided, among other things, that lager beer should be considered intoxicating liquor within the meaning of the statute; the defendant offered to show, by the evidence of experts and those who were accustomed to use lager beer as a beverage, that it was not in fact intoxicating, but this evidence was excluded. It was held to be rightly excluded, and that the provision declaring lager beer to be intoxicating liquor within the meaning of the statute was within the constitutional power of the Legislature. This decision is applicable to the present case, and the exception must be overruled. See *Commonwealth* v. *Blos,* 116 Mass. 56. *State* v. *Guinness,* 16 R. I. 401. *State* v. *Gravelin,* 16 R. I. 407. *State* v. *Intoxicating Liquors,* 76 Iowa, 243.

The second exception must be overruled for the same reason. The issue was not whether the liquor illegally kept for sale was actually intoxicating, but whether it contained more than one per cent of alcohol. Besides, there are grave reasons against giving to a jury liquor to drink for the purpose of determining whether it is or is not intoxicating. *Commonwealth* v. *McShane,* 110 Mass. 502. *Commonwealth* v. *Hazeltine,* 108 Mass. 479.

The offence of illegally selling intoxicating liquor is distinct from the offence of maintaining a common nuisance by keeping a tenement used for the illegal sale of intoxicating liquor; and proof of the sales on which the defendant has been convicted of the first named offence may be evidence to support a complaint for maintaining such a nuisance. The third exception must be overruled. *Commonwealth* v. *McShane*, 110 Mass. 502. *Commonwealth* v. *Hazeltine*, 108 Mass. 479.

The fourth exception must be overruled. The certificates were properly admitted in evidence for the purpose of identifying the beer analyzed by the witness as that taken from the defendant's premises, and this is the only purpose for which they were admitted. *Commonwealth* v. *Bentley*, 97 Mass. 551. *Commonwealth* v. *Kendrick*, 147 Mass. 444.

It does not appear that the samples of liquor analyzed had been illegally taken from the defendant's premises by the officers; but if they had been, this fact does not render the evidence that they were found by analysis to contain more than one per cent of alcohol incompetent. This exception must be overruled. *Commonwealth* v. *Dana*, 2 Met. 329, 337. *Commonwealth* v. *Welsh*, 110 Mass. 359. *Commonwealth* v. *Ryan*, 157 Mass. 403. *Commonwealth* v. *Tibbetts*, 157 Mass. 519.

*Exceptions overruled.*