## COMMONWEALTH *vs.* MARJORY McCABE.

Middlesex.   January 28, 1895. — February 27, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Intoxicating Liquors — Evidence — Prosecution of Defendant no Bar to a Use of the Testimony in another Case — Stopping Counsel in Argument — Instructions — Silence as an Admission — Failure to call Witnesses.*

At the trial of a complaint for keeping and maintaining a liquor nuisance three police officers testified that on a certain day they visited the defendant's tenement, and in the kitchen found four men sitting with bottles of beer, out of which they had been drinking; that the defendant was there, and that they took the bottles and beer from the men, who objected, saying in the hearing of the defendant that they had bought and paid for the beer, and that the officers ought not to take it. *Held,* that, if the statement was to be believed, it fairly, although not necessarily, implied that the men bought the beer there, and not that they bought it elsewhere and carried it to the defendant's kitchen to drink it.

The prosecution of a person for keeping intoxicating liquor with intent to sell it unlawfully is no bar to a use of the testimony in the case to prove him guilty of keeping and maintaining a common nuisance.

At the trial of a complaint for keeping and maintaining a liquor nuisance three police officers testified to finding four men in the defendant's kitchen, and in his presence, drinking liquor, which they took from the men under their protest that the liquor was theirs and that they had paid for it. The counsel for the defendant interrupted the district attorney in his argument that the evidence was true from the failure of the defendant to call the men as witnesses, and that it would not be safe for the government to summon them, as they were friends of the defendant and would favor him, on the ground that, until it appeared that the men were under the control of the defendant or could be produced by him, and that they knew about the case, no inference could be drawn against him, and that the government was as much under obligation to produce the men as the defendant. The judge declined to stop the district attorney in his argument. *Held,* that the defendant had no ground of exception.

At the trial of a criminal case the judge instructed the jury that, if a statement was made in the hearing and presence of a person which affected his rights or was criminating to him and he remained silent, such silence was tantamount to an admission of the truth of the facts stated, provided the same was heard and understood by such person, and he was not in custody or under restraint, but at liberty to reply or explain, and provided such statement was of such a nature, and made under such circumstances and by such persons, as naturally to call for a reply. *Held,* that if, instead of saying that silence was "tantamount" to an admission, the judge had said that it was in the nature of an admission, the instructions would have been strictly accurate, but that the inaccuracy, if any, was eliminated by the jury being told that if they found the facts as contended by the government "they would give to the circumstance such weight and significance as they thought it entitled to."

At the trial of a criminal case the judge instructed the jury that, if there was evidence to rebut that of the government which might be furnished by witnesses other than the defendant, and if the evidence against the defendant was such that he would be expected to call them, his failure so to do would be a circumstance to be considered and given such weight and significance by the jury as they thought it entitled to, and from which they might infer, if they thought the inference warranted and a reasonable one, that such witnesses would testify unfavorably to the defendant; but that unless it appeared that such witnesses were within the defendant's control, and could be procured by him, the jury were to give no significance to his failure to call them. The judge declined the defendant's request to give the further instruction that, if it did not appear that the witnesses were under the defendant's control, the government was under the same obligation to produce the witnesses as the defendant, and that their non-production by the government was to be considered as much against it as against the defendant. *Held*, that the defendant had no ground of exception, especially as there were circumstances from which the jury might well have inferred that the witnesses were under the defendant's control and could be procured by him.

COMPLAINT, for keeping and maintaining a liquor nuisance between April 1 and December 27, 1893, in Somerville. At the trial in the Superior Court, before *Lilley*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, in substance as follows.

The only witnesses were three police officers, two of whom testified that on April 29, 1893, they visited the tenement occupied by the defendant, and in the kitchen found four men sitting with bottles of lager beer, out of which they had been drinking; that the defendant was also in the room ; that the officers took the bottles and beer away from the men, who objected, saying to the officers, in the hearing of the defendant, that they had bought and paid for the beer, and it was theirs, and the officers ought not to take it. This testimony was admitted, subject to the defendant's exception. The officers also testified to finding a large quantity of intoxicating liquors on the premises, and because of the liquors found on that date the defendant was complained of in the district court at Somerville for keeping liquors with intent to sell, and on that charge the witnesses testified, with reference to what took place on April 29, 1893, the same as in the present case, and that case for keeping and maintaining with intent to sell was then pending in the Superior Criminal Court of Middlesex.

Two officers testified that on December 27, 1893, they visited the premises aforementioned, and there found in the room nine

quart bottles of whiskey, covered over, which they seized. One of the officers testified to seeing eight or ten men, at different times, going into and out of the premises, and that the premises were occupied by three tenants, of whom the defendant was one, her part of the building, however, being separated from that occupied by the other tenants.

The defendant herself did not testify, nor offer any evidence, and the government offered no other evidence.

The defendant asked the judge to rule that all the testimony of the officers which applied to April 29, 1893, because it was the subject of another complaint, then pending, should not be considered by the jury as a part of this case. The judge declined so to rule; and the defendant excepted.

The counsel for the government, in arguing the case, urged that the evidence of the officers was true, and that if it was not, the defendant, so far as appeared, could have summoned the four men found on her premises to show that it was not true.

The counsel for the defendant, interrupting the district attorney, objected to this argument, and claimed that until it appeared that the four men referred to were under the control of the defendant, or were so that she could produce them, and that they knew about the case, no such inferences could be drawn against her; and that the government upon the evidence was as much under obligation to produce such witnesses as the defendant. The judge declined to stop the district attorney in his argument; and the defendant excepted.

The counsel for the government also argued to the jury that, if the government was under any obligation to produce such witnesses, he would explain it by saying that, as they were friends of the defendant, it would not be safe for the government to summon them, as they would favor the defendant and not the government, to which the defendant objected, and the judge did not stop counsel for the government in his argument in that line; and the defendant excepted.

The counsel for the government further argued to the jury, that on the occasion of April 29, 1893, when the officers went to the premises of the defendant and there found the four men with lager beer, her silence at the time the men said they bought the liquor, and it was theirs, was an admission of the truth of

the statement made by these men that the liquor was theirs, and that they bought it, and she sold it to them.

On this part of the case the presiding judge called the attention of the jury to the evidence relative to the silence of the defendant when the men claimed the beer as theirs and said they had bought and paid for it, and instructed the jury that the rule as applied to that part of the case was, that if a statement was made in the hearing and presence of a person which affected his rights or was criminating to him, and he did not reply to it nor make any explanation, but remained silent, such silence was tantamount to an admission of the truth of the facts contained in the statement made, provided the same was heard and understood by such person, and he was not in custody nor under restraint, but at liberty to reply or explain, and provided such statement was of such a nature, and made under such circumstances and by such persons, as naturally to call for a reply. And the court instructed the jury that, applying the rule thus given to the case, if they found that the remark was made by the men, and that the defendant remained silent as testified by the officers, they were to give to the circumstance such weight and significance as they thought it entitled to. To this instruction the defendant excepted.

The judge also ruled as to the production of witnesses who knew about the facts in issue, that if there was evidence to rebut the evidence of the government which might be furnished by witnesses other than the defendant, and if the evidence against the defendant was such that she would naturally be expected to call them, her failure so to do would be a circumstance which might be considered by the jury, and given such weight and significance as they thought it entitled to, and from which they might infer, if they thought the inference warranted and a reasonable one, that such witnesses would testify unfavorably to the defendant; but that unless it appeared that such witnesses were within the defendant's control, and could be procured by her, the jury were to give no significance whatever to her failure to call them. The defendant excepted, and asked the judge to rule upon the evidence, that, if it did not appear that the witnesses were under the control of the defendant, the government was under the same obligation to produce the four men referred to

as was the defendant, and that the non-production of the witnesses by the government was to be considered as much against the government as against the defendant. The judge declined to add to the instructions; and the defendant excepted.

*T. J. Gargan & P. J. Casey*, for the defendant.

*F. N. Wier*, District Attorney, for the Commonwealth.

KNOWLTON, J. 1. The evidence of what occurred and what was said in the defendant's kitchen in her presence was rightly admitted. The jury might well believe that the statement of the four men who were sitting in the kitchen drinking lager beer from bottles should be understood as meaning that they bought the beer of the defendant. The statement should be considered in connection with all the circumstances and with facts of common knowledge, so far as those facts and circumstances tend to throw light on the questions at issue. If the statement is to be believed, it fairly, although not necessarily, implies that they bought the beer there, and not that they bought it elsewhere and carried it to the defendant's kitchen to drink it. *Commonwealth* v. *Brailey*, 134 Mass. 527. *Commonwealth* v. *Funai*, 146 Mass. 570.

2. The prosecution of the defendant for keeping this liquor with intent to sell it unlawfully is no bar to a use of the testimony to prove her guilty of keeping and maintaining a common nuisance. *Commonwealth* v. *Hazeltine*, 108 Mass. 479. *Commonwealth* v. *McShane*, 110 Mass. 502.

3. It was not the duty of the presiding justice to stop the district attorney in his argument from the failure of the defendant to call the witnesses who were in her house at the time referred to. The jury might well believe, from their being found in the kitchen of her dwelling-house, that her relations to them were such that she would be likely to know their whereabouts, and that if their testimony could help her she would be able to procure their presence. They might also believe that their relations to her were such that the Commonwealth would not be expected to make an effort to procure their attendance when it had other evidence on which it relied to prove its case.

4. The instruction of the presiding justice in regard to the silence of the defendant when the men claimed the beer as theirs, and said they had bought it and paid for it, was substantially

correct, and the defendant cannot justly complain of it. If, instead of saying that silence in the hypothetical case stated in giving the rule was " tantamount " to an admission, he had said that it was in the nature of an admission, the charge would have been strictly accurate. The difference in meaning between the two expressions is very slight, and if there was an inaccuracy in this particular it was eliminated from the case when the jury were told that, if they found the facts as contended by the Commonwealth, " they would give to the circumstance such weight and significance as they thought it entitled to."

5. The instructions in regard to the failure of the defendant to call witnesses in her favor were correct. There were circumstances from which the jury might well have inferred that the witnesses were within the defendant's control and could be procured by her. *Commonwealth* v. *Finnerty*, 148 Mass. 162. *Commonwealth* v. *Clark*, 14 Gray, 367.          *Exceptions overruled.*