STATE OF MAINE *vs.* MICHAEL O'CONNELL.

SAME *vs.* SAME.

99    61
f101   41
101   43
101   46

Androscoggin.    Opinion May 6, 1904.

*Intox. Liquors. Common Seller. Nuisance.* Malt Liquor. Uno Beer.
*R. S. (1883), c. 17, § 1; c. 27, §§ 33, 35.*

Revised Statutes 1883, c. 27, § 33, amounts to a prohibition of the sale of malt liquor. While the legislature cannot make that intoxicating which is in fact not intoxicating, it may prohibit the sale of a specific article.

Upon trial under indictments for maintaining a nuisance under R. S. 1883, c. 17, § 1, and for being a common seller of intoxicating liquor, if the liquor sold by the respondent was malt liquor, it is not necessary for the jury to determine whether it was or was not intoxicating in fact. The prohibition of the statute is absolute, and it is not dependent upon the amount of the alcohol which malt liquor contains.

While the court should define to the jury legal terms to which the law has attached a specific meaning, it is not required to define words in common and ordinary use, the definition and meaning of which jurors are presumed to understand as well as the court.

Exceptions by defendant.    Overruled.

Indictments for the illegal sale of intoxicating liquors, one being under the nuisance act, R. S. (1883), c. 17, § 1, and the other for being a common seller, under R. S. (1883), c. 27, § 35. The evidence disclosed that the article sold was "Uno Beer," a malt liquor.

The case appears in the opinion.

*W. B. Skelton,* County Attorney, for State.

*D. J. McGillicuddy and F. A. Morey,* for defendant.

Counsel argued:

1.    That the beer in question is admittedly not intoxicating in fact. The State does not claim that it is intoxicating.

2.    The only claim of the State is that there is some malt in the beer in question and because it has any malt in it, it comes within the prohibition of the statute under the clause "and all other malt liquors."

3.   We claim that under any reasonable or legal construction of the statute in question the beer, although it contains some malt, is not within the prohibition of the statute.   In other words that it is not a malt liquor under the statute.

4.   In the construction of any statute the court will always give effect to the intention of the legislature, if it can.   In regard to the statute in question it was plainly the intention of the legislature to prohibit the sale of intoxicating liquors.   This was the whole purpose and the only purpose of the legislature in the whole law. We think the State will not seriously contend but that was the intention of the legislature.   But the State's attorney will contend that whatever was the intention of the legislature the statute reads "and all other malt liquors," and that this means all liquors in which there was any malt, no matter how little.   We say such a construction of the statute is unreasonable and that the language of the statute will not bear out any such interpretation.   The statute says "no person shall  .  .  .   sell any intoxicating liquors of whatever origin, etc.   .  .  .   wine, ale, porter, strong beer, lager beer, and all other malt liquors `  .  .  .   are declared intoxicating within the meaning of this chapter."   It will be seen that the statute clearly has reference to intoxicating liquors.   It enumerates in order to make sure that no intoxicating liquor should escape and declares wine, ale, porter, strong beer and lager beer to be intoxicating.   All these liquors are intoxicating in fact; immediately following this enumeration it says, "and all other malt liquors."   It does not say and all malt liquors.   Now what does that word " other" in the statute mean and what is the interpretation of this statute with this word "other" in it?   We say that it means all other malt liquors of the nature of those in the preceding enumeration, that is, those that are intoxicating.

This construction of the wording of the statute is reasonable and gives full force to the plain intent of the legislature.   If the legislature meant to include all liquors made from malt no matter how small an amount of malt might be in them, the statute would have read "and all malt liquors" but the statute does not say "all malt liquors" but says "all other malt liquors," and this word "other"

following the enumeration of liquors that are intoxicating can have no other reasonable meaning except to include such malt liquors as are of the nature of the liquors named in the enumeration, that is, intoxicating liquors. Any other construction of this statute would be senseless.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

POWERS, J. Two indictments,—one for maintaining a nuisance under R. S. (1883), c. 17, § 1, and the other for being a common seller of intoxicating liquors under R. S. (1883), c. 27, § 35. The evidence in each case was of the sale by the respondent of Uno beer, brewed from malt and containing 2.36 per cent of alcohol. A verdict of guilty was returned in each case. Counsel for the respondent requested the following instructions:

"That the jury must be satisfied beyond a reasonable doubt:—

A. That malt entered into the composition of this beer as a substantial ingredient.

B. That if malt was used, but to such a small amount that the alcohol germinated therefrom was not sufficient to produce intoxication, then the respondent must be discharged.

C. That if malt was used to such a small amount that the alcohol germinated therefrom together with the alcohol germinated from the glucose, admittedly in the beer, amounted together but to 2.36 per cent, then the jury must be satisfied that the beer is intoxicating in fact before they could find the respondent guilty." The presiding justice declined to so instruct the jury, and to such refusal exceptions were allowed in each case.

Request A was not given in terms. The jury were instructed that if the beer was malt liquor the statute declared it to be intoxicating; "Therefore the question for you to consider is whether this beer was a malt liquor and is a malt liquor, whether it was produced from malt. If it was, then it is intoxicating." If it was "produced from malt," malt must have entered into it as a substantial ingredient. The instruction actually given was quite as favorable to the

defendant as the instruction requested, and it is no ground for exception that the exact language of the request was not adopted by the presiding justice.

Requests B and C are based upon the ground that notwithstanding the jury might find that the beer was a malt liquor, which the legislature has declared to be intoxicating and the sale of which it has by express act prohibited, in order to convict the respondent the jury must go further and find that it was intoxicating in fact. Revised Statutes 1883, c. 27, § 33, amounts to a prohibition of the sale of malt liquor. While the legislature cannot make that intoxicating which is in fact not intoxicating, it may prohibit the sale of a specific article, as it has done in this case; and its right to do so is clearly a constitutional exercise of the police power. The issue was whether the defendant sold malt liquor. If he did sell it, it was in violation of the statute, and it was not necessary in order to establish his guilt, for the jury to go further, revise the judgment of the legislature and determine whether malt liquor was or was not in fact intoxicating. *Com.* v. *Anthes,* 12 Gray, 29 ; *State* v. *Guinness,* 16 R. I. 401 ; *State* v. *Gravelin,* 16 R. I. 407 ; *Com.* v. *Brelsford,* 161 Mass. 61. The jury were properly instructed that if it were a malt liquor it was immaterial how much alcohol it contained.

Later the jury presented the following question to the court :

"Did the court rule that, if the beer in question contained any malt, it was a malt liquor?"

In reply the presiding justice said : "I instructed you, and I now instruct you, that if you find beyond a reasonable doubt that the beer in question was brewed from malt, it was a malt beer and comes within the prohibition of the statute."

The presiding justice was not bound to define the term "malt liquor." *State* v. *Starr,* 67 Maine, 242 ; *State* v. *Wall,* 34 Maine, 165. While the court should define to the jury legal terms to which the law has attached a specific meaning, it is not required to define words in common and ordinary use the definition and meaning of which jurors are presumed to understand as well as the court. *Darling* v. *Dodge,* 36 Maine, 370 ; *Com.* v. *Blos,* 116 Mass. 56 ; *Com.* v. *Carroll,* 145 Mass. 403.

By necessary implication a malt beer is a beer brewed from malt and the statement of that fact could not have been prejudicial to the respondent. The presiding justice did not undertake to answer the question propounded, but simply reiterated in another form the instruction already given. He said: "I instructed you, and I now instruct you," that malt liquor comes within the prohibition of the statute. The jury must have so understood him. We perceive no error in the instructions given. In both cases,

*Exceptions overruled.*