H. H. SAWYER v. ANGELO BOTTI, J. J. ENRIGHT, and WILLIAM MEYERS, Appellants.

**Intoxicating Liquor :** WHAT INCLUDED: BEER: STATUTES. The statute prohibiting the selling or keeping for sale of intoxicating liquors, has reference not only to liquor which is in fact intoxicating but also to other described liquors, whether intoxicating or not, such as beer and malt liquor. So that any liquor manufactured from

malted grain by the process of fermentation, no matter how slight and without regard to the amount of alcohol actually contained therein, or whether in fact intoxicating, is within the statutory description of liquors the sale of which is prohibited.

**Statutes:** ENACTMENT: TITLE: SUBJECT MATTER: DESCRIPTION. The descriptive terms used to describe the subject matter of the various chapters of the code are not to be treated as titles to acts, within the constitutional provision that every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. But the chapter relating to intoxicating liquor is one of several constituting Title Twelve of the Code, embracing the police powers of the state, and was enacted as one bill in the adoption of the Code, the title of which covered the entire subject matter of all the chapters therein.

**Intoxicating liquors:** STATUTES. The legislature can not by statute make intoxicating liquor out of a beverage which is not in fact intoxicating, but may extend the prohibition of a statute relating to the sale of liquor to beverages not in fact intoxicating.

**Same:** INJUNCTION: ATTORNEY'S FEES. Where, as in this action to restrain defendant from selling a malt beverage, defendant stopped the sale but litigated his right to sell, and but for an injunctional decree he might have resumed the sale, the court properly entered a final injunction against him and taxed attorney's fees in plaintiff's favor.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

FRIDAY, FEBRUARY 11, 1910.

REHEARING DENIED SATURDAY, MAY 14, 1910.

IN an action to enjoin defendant Botti, as dealer, and defendants Enright and Meyers, as owners of premises on which the business was conducted, from selling, etc., intoxicating liquors on said premises, and maintaining a nuisance thereon, the court entered a decree for plaintiff, from which defendants appeal.—*Affirmed.*

*Hubbard & Burgess,* for appellants.

*John F. Joseph,* for appellee.

McClain, J.—It appears that prior to the institution of this action defendant Botti had been engaged in running a fruit and confectionery store on premises belonging to the other defendants, and that in his place of business he had a soda fountain and handled the usual soft drinks. Among the beverages which he thus handled, assuming that its sale was not prohibited by law, was one known as "justus beer." Although the prayer of the petition was in the usual form for an injunction against the illegal sale of intoxicating liquors, the trial court, finding as a fact that after the filing of the petition defendant Botti had ceased to sell or keep for sale any intoxicating liquor on said premises, entered a decree enjoining him from selling or keeping for sale "a certain fermented malt liquor containing alcohol, said liquor being known as 'justus beer,' without having complied with the provisions of the mulct law." The sole question presented for determination, therefore, on the merits of the case is whether the beverage named "justus beer," the methods of manufacture and constituents of which are described in the evidence, is a beverage the sale of which is prohibited by the laws of this state relating to the sale of intoxicating liquors.

The evidence shows that the beverage in question is manufactured by the Sioux City Brewing Company, which is a manufacturer of lager beer and also of various soft drinks; that in the manufacture of justus beer the same materials are used as in the manufacture of lager beer, and the processes of malting, extracting, etc., are the same, except that fermentation of the mash is not allowed to proceed as far as in the manufacture of lager beer, being stopped by heating before any considerable amount of alcohol is produced, so that justus beer contains not exceeding one-half of one

1. INTOXICATING LIQUOR: what included: beer: statutes.

percent of alcohol by volume, while lager contains about three and one-half percent of alcohol. The evidence also shows that justus beer, as manufactured, is not intoxicating, for the reason that the quantity which an ordinary person could consume at one time would not include enough alcohol to have an intoxicating effect. The argument for appellant is, in brief, that the prohibitory statute has relation to the sale of intoxicating liquors; that the beverage in question is not intoxicating, and that it does not come within the description of "beer," the sale of which is by the statute forbidden. The statute (Code, section 2382) prohibits the selling or keeping for sale, etc., of "any intoxicating liquor, which term shall be construed to mean alcohol, ale, wine, beer, spirituous, vinous, and malt liquor, and all intoxicating liquor whatever," except as otherwise provided. It is apparent, therefore, that the prohibition is twofold: First, of the sale of any liquor which is in fact intoxicating; second, of certain described liquors, whether intoxicating or not. In the second class are enumerated beer and malt liquor, and if the beverage in question is beer or malt liquor, then the fact that it is so manufactured as not to be intoxicating in its ordinary use as a beverage is immaterial. *State v. Cloughly,* 73 Iowa, 626; *State v. Spiers,* 103 Iowa, 711. The name, of course, is not conclusive, for various drinks having names which include the word "beer" are generally recognized as not within the prohibition, for example, root beer and spruce beer. As well said in the cases above cited, if the evidence shows only in general terms the sale of beer without any more specific description, it is open to the defendant to show that the article in question was not beer in the sense in which the term is used in the statute—that is to say, a malt liquor; but we do not think that it was the intention of the court to hold in those cases that if the article is in fact beer—that is, a malt liquor— it is open to the defendant to show that such malt liquor

is in fact not intoxicating. The term "beer" seems to be recognized in the dictionaries as having two meanings: First, a fermented liquor, made from malted grain; and, second, a fermented extract of roots or other parts or products of various plants. See Webster's Dictionary and Century Dictionary, s. v., "beer." By adding the general description "malt liquor," the Legislature clearly designated the sense in which the term "beer" is employed in the statute. With reference to anything called beer which is not made from malted grain, the question will merely be whether or not it is an intoxicating liquor, but if it is made from malted grain—that is, if it is a malted liquor—its sale is prohibited without regard to its quality as an intoxicant. The manufacturer can not bring a malt liquor within the class of liquors not prohibited by the statute by giving it some name other than that of beer, much less can he do so by adding a qualifying descriptive term to the word "beer" used in the name.

We reach the conclusion without the slightest doubt that the beverage in question, being a liquor manufactured from malted grain by a process involving fermentation, no matter how slight the fermentation may be, and irrespective of the amount of alcohol which it actually contains, and also without regard to whether it is in fact intoxicating, is within the statutory description of liquors the sale of which is prohibited. It is conceded that the process of manufacture of justus beer is the same as that of lager beer, save that the fermentation is arrested at an earlier stage, and therefore less alcohol is contained in the product. We think that such liquor is "beer" within the statutory definition, but, whether so or not, it is unquestionably a malt liquor. *State v. O'Connell,* 99 Me. 61 (58 Atl. 59); *Bradshaw v. State,* 76 Ark. 562 (89 S. W. 1051).

Counsel for appellant argue, however, that in the title of the chapter of the Code containing the section

above referred to, and all the other references in the Code
to the prohibited sale of liquors, the term
"intoxicating liquors" alone is used, and
that the prohibition must therefore be lim-
ited to liquors which are in fact intoxicat-
ing. The short descriptive terms used to describe the
subject-matter of the various chapters of the Code are
not to be considered as titles to acts within the constitu-
tional provision that "Every act shall embrace but one
subject, and matters properly connected therewith, which,
subject shall be expressed in the title." Constitution,
article 3, section 29. The chapter relating to intoxicat-
ing liquors is only one of several chapters constituting
together title 12 of the Code, relating to the police power
of the state, and title 12, as a whole, was enacted as
one bill in the adoption of the present Code. It is
not contended that the title of the bill which as adopted
constitutes title 12 was not sufficient to cover the entire
subject-matter of all the chapters therein.

2. STATUTES:
enactment:
title: subject
matter:
description.

The Legislature may define a term as it sees fit, and
while it can not, of course, by statute make an intoxicat-
ing liquor out of a beverage which is not in fact intoxi-
cating, it can extend the prohibition of
the statute to beverages which are not in
fact intoxicating. *State v. Frederickson,*
101 Me. 37 (63 Atl. 535, 6 L. R. A. (N. S.) 186, 115
Am. St. Rep. 295). Having prohibited the sale of beer
and malt liquor, it becomes wholly immaterial whether
the particular liquor in question, coming within the de-
scription of these terms, is an intoxicating liquor in fact,
and we need not therefore refer further to the point,
strongly pressed in argument, that other beverages which
are not malt liquor, and are not beer within the meaning
of the terms as used in the statute, in fact contain alcohol
in even greater proportionate quantities than were found

3. INTOXICATING
LIQUORS:
statutes.

by analysis in the samples of justus beer described by the expert witnesses.

Although defendant Botti ceased to sell justus beer after this action was instituted, he litigated the question whether he had not a right to do so, and if the court had entered no decree of perpetual injunction against him, he could have resumed the sale so far as this action was concerned without restraint. Therefore, the court properly entered a decree of final injunction, and, as an incident, taxed an attorney's fee to him in favor of the plaintiff. *Donnelly v. Smith,* 128 Iowa, 257; *Drummond v. Richland City Drug Co.,* 133 Iowa, 266; *Hammond v. King,* 137 Iowa, 548.

4. Same: injunction: attorney's fees.

The decree of the trial court is *affirmed.*