STATE OF IOWA, Appellee, v. MART STICKLE, Appellant.

Intoxicating liquor: ILLEGAL SALE: STATUTE: CONSTITUTIONALITY. The statute prohibiting the sale of malt liquor as a beverage which contains any amount of alcohol, though nonintoxicating, is not unconstitutional, in that it prohibits the sale of a harmless article and the carrying on of a lawful employment.

*Appeal from Linn District Court.*—HON. W. N. TREICH-LER, Judge.

FRIDAY, MAY 12, 1911.

THE defendant was prosecuted under an indictment charging him with the maintenance of a liquor nuisance. Upon a verdict of guilty, he was adjudged to pay a fine of $300 and costs. From this judgment he has appealed. *Affirmed.*

*John A. Reed* and *Jamison, Smyth & Hann*, for appellant.

*H. W. Byers*, Attorney-General, *C. W. Lyon*, Assistant Attorney-General, and *C. J. Haas*, County Attorney, for the State.

EVANS, J.—It is undisputed that the defendant maintained a place and kept for sale and sold therein certain liquors to be used as beverages. Among these was one known as "Liberty Malt." Its label disclosed that it was "manufactured by the Hamm Brewing Company," and that it was "guaranteed to contain less than one-half of one percent of alcohol." The evidence of a chemist was introduced to the effect that this contained only "three-tenths of one percent of alcohol by weight." Other evidence was offered to the effect that such beverage would not produce intoxication. The admission of this testimony was refused by the court. The trial court instructed the jury that if the beverage in question, which was kept for sale and sold by the defendant as such, contained any alcohol, its sale was unlawful. The contention of the appellant here is that "Liberty Malt" was a nonintoxicating malt liquor, and that it was a beneficial food product, and that the state has no power to make the sale thereof unlawful. He contends, therefore, that the trial court erred in forbidding him to prove the nonintoxicating character of the beverage and in instructing the jury peremptorily to disregard that question.

It is practically conceded by appellant in argument that the recent case of *Sawyer v. Botti,* 147 Iowa, 453, is adverse to him on every question herein presented. He contends, however, that such case was wrongly decided, and presents an earnest argument directed to the proposition that section 2382 of the Code, under our construction thereof, is unconstitutional, in that it forbids "the sale, without deceit or fraud, of a harmless article of food or drink," and in that it forbids the "carrying on of a lawful employment." The appeal presents no new question, except that we are asked in effect to overrule the case of *Sawyer v. Botti, supra.* In the *Botti* case we had before us an able argument on behalf of the appellant in

that case, and we gave full consideration therein to every proposition now urged by appellant herein. We see no reason now for a change of opinion. A further discussion of these questions can add little, if anything, to what has heretofore been said repeatedly. The authorities cited in appellant's brief are not in point. They deal almost wholly with laws relating to pure food. Such authorities are not applicable to laws dealing with the regulation or prohibition of alcoholic or malt liquors to be used as beverages. The laws relating to this subject constitute a class of their own, and are so recognized in each jurisdiction to which our attention has been directed. Appellant cites us to no case dealing with this class of legislation which purports to sustain his contention. Cases dealing with pure food laws are not to the point. The judgment of the trial court must be *affirmed*.