Grafton,      }
May 2, 1916. }

### STATE *v.* JOSEPH LABRECQUE

The sale of all fermented liquor being prohibited by Laws 1911, *c.* 193, *s.* 1, the sale of a non-intoxicating fermented liquor containing fifty-five hundredths of one per cent of alcohol is within the prohibition.

Laws 1911, *c.* 193, *s.* 1, prohibiting the sale of all fermented liquor, is not an unreasonable exercise of the police power.

APPEAL, from the Lincoln municipal court.   Trial by the court. The complaint charged a sale of spirituous liquor.   It was agreed that the defendant sold "Uno" beer, a fermented liquor containing $^{55}/_{100}$ of one per cent of alcohol, by volume at 60 degrees Fahrenheit.   The amount of alcohol contained in the beer is so small that the beer is not intoxicating.   Subject to exception, the court ruled that the defendant was guilty.   Transferred from the January term, 1916, of the superior court by *Chamberlin,* J.

*Raymond U. Smith,* county solicitor (by brief and orally), and *James A. Moynihan,* for the state.

*Martin & Howe* and *J. Joseph Doherty* (*Mr. Doherty* orally), for the defendant.

PEASLEE, J.   "By the word 'spirit,' 'spirituous liquors;' or 'intoxicating liquor,' shall be intended all distilled liquors, or rectified spirits, vin[o]us, fermented, brewed, and malt liquors and wines, and any beverage, by whatever name called, containing more than one per cent of alcohol by volume at 60 degrees Fahrenheit." Laws 1903, *c.* 122, *s.* 5.

"In the statute here under consideration, we are of the opinion that the legislature prohibited the sale or keeping for sale of 'spirituous or distilled liquors, rectified spirits, vinous, fermented, brewed, or malt liquors, [and] wines,' because it believed these liquors contained more than one per cent of alcohol and in quantities sufficient to intoxicate; that it further prohibited the sale or keeping for sale of 'any beverage, by whatever name called, containing more than one per cent of alcohol,' as a class by itself, because it believed that beverages containing more than that quantity of alcohol, if drunk to excess, would intoxicate; and that it did not intend that a viola-

tion of the statute should depend upon whether any liquor or beverage, the sale of which was there prohibited, was in fact intoxicating." *State* v. *York*, 74 N. H. 125, 127.

After this decision was announced, the legislature reënacted the section in question with changes which only tend to fortify the conclusions arrived at. Laws 1911, c. 193, s. 1. The interpretation of the statute has thus become fixed beyond the power of change except by the legislature. The sale of fermented liquor is prohibited, and as the defendant admitted he made such sale, his guilt was established and the ruling excepted to was correct.

It is urged by the defendant that if this is the correct interpretation of the statute, the provision is unconstitutional because it is not a reasonable exercise of the police power. It is a matter of common knowledge that places of resort, where ostensibly only "soft drinks" are sold, are employed as screens behind which illegal sales of intoxicants may be carried on with impunity. It was for the legislature to say whether it was advisable to prohibit a transaction harmless in itself because of its adaptability to the promotion of unlawful acts. That the prohibited act is so adaptable will not be seriously questioned by anyone familiar with the difficulties involved in the enforcement of the statutes forbidding the sale of intoxicants. The reasons why the court cannot declare this statute to be unconstitutional are fully set forth in *Carter* v. *Craig*, 77 N. H. 200.

*Exception overruled.*

All concurred.