## VERWILST *v.* STATE OF INDIANA.

[No. 25,265.   Filed April 26, 1928.]

*Clifford V. DuComb* and *Walter R. Arnold,* for appellant.

· *Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MARTIN, J.—This is an appeal· from a judgment assessing a fine of $150 and thirty days imprisonment at the Indiana State Farm for the unlawful possession of · intoxicating liquor under §4, ch. 48, acts of 1925, §2717 Burns 1926, and assessing a fine of $250 and six months imprisonment for maintaining a common nuisance under §24, ch. 48, acts of 1925, §2740 Burns 1926.

The only alleged error relied upon is the overruling of appellant's motion in arrest of judgment, his contention

being that the "Act concerning intoxicating liquors,"
ch. 48, acts of 1925 is unconstitutional and void because,
"it assumes to definitely define and fix a standard,
wholly at variance with known facts as to when liquor
is intoxicating and when not, to wit: that one-half of
one per cent. of alcohol by volume constitutes the liquor
intoxicating" and because "the legislature has no power
to render that a common nuisance, punishable by fine
and abatable, which is not in fact a nuisance," (i. e.
maintenance of a place where liquor, defined by the
statute as intoxicating, but not actually intoxicating,
is sold, etc).

In *Guetling* v. *State* (1926), 198 Ind. 284, 152 N. E.
166, in considering the act here in question (ch. 48,
Acts 1925), we held, citing *Crane* v. *Campbell* (1917),
245 U. S. 304, 38 Sup. Ct. 98, 62 L. Ed. 304, that the
possession of intoxicating liquor for personal use may be
forbidden by a state without infringing on the consti-
tutional rights of the citizens, and in *Csallo* v. *State*
(1927), 198 Ind. 693, 154 N. E. 671, we again upheld the
constitutionality of the act against the contentions that
it assumes to render unlawful the possession of intoxi-
cating liquor without any intention therewith or thereby
to commit any crime, and that it is not specific, definite
and certain. We held in *Schmitt* v. *Cook Brewing Co.*
(1918), 187 Ind. 623, 120 N. E. 19, in considering ch. 4,
Acts 1917, that this state, under its Constitution and
under the Federal Constitution, has power to prohibit
the manufacture and sale of intoxicating liquors *and to
provide such means for the enforcement of prohibition as
seems expedient to the legislature.*

Under the police power of the state, the legislature,
within its discretion and as a matter of legislative ex-
pediency, may, in order to effectively enforce a
prohibition law, take away not only the right to
possess or sell intoxicating liquors but also take

away the right to possess or sell certain similar liquors although non-intoxicating. *Commonwealth* v. *Timothy* (1857), 8 Gray (Mass.) 480; *State* v. *O'Connell* (1904), 99 Me. 61, 58 Atl. 59; *State* v. *Frederickson* (1905), 101 Me. 37, 63 Atl. 535, 115 Am. St. 295, 8 Ann. Cas. 48, 6 L. R. A. (N. S.) 186; *Luther* v. *State* (1909), 83 Nebr. 455, 120 N. W. 125, 20 L. R. A. (N. S.) 1146; *State* v. *Walder* (1909), 10 Ohio N. P. (N. S.) 497, affirmed (1910), 83 Ohio St. 68, 93 N. E. 531; *Sawyer* v. *Botti* (1910), 147 Iowa 453, 124 N. W. 787, 27 L. R. A. (N. S.) 1007; *State* v. *Stickle* (1911), 151 Iowa 303, 131 N. W. 5; *Ex parte Hunnicutt* (1912), 7 Okla. Crim. 213, 123 Pac. 179; *State* v. *Hemrich* (1916), 93 Wash. 439, 161 Pac. 79, L. R. A. 1917B 962; *State* v. *Reno Brewing Co.* (1919), 42 Nev. 397, 178 Pac. 902. And it is well settled that in so doing, the legislative department may establish a standard for determining whether liquor is within the operation of the act by defining the term "intoxicating liquor" and may thereby fix the percentage of alcoholic content below that which is in fact intoxicating, and thus include within the operation of the law similar beverages which are in themselves innocuous but which are near to intoxicants and which if prohibited would make the enforcement of the law easier by making evasion more difficult. *Purity Extract Co.* v. *Lynch* (1912), 226 U. S. 192, 33 Sup. Ct. 44, 57 L. Ed. 184, affirming 100 Miss. 650, 56 So. 316; *State of Rhode Island* v. *Palmer* (1920), 253 U. S. 350, 40 Sup. Ct. 486, 64 L. Ed. 946; *Ruppert* v. *Caffey* (1919), 251 U. S. 264, 40 Sup. Ct. 141, 64 U. S. (L. Ed.) 260; *United States* v. *Hill* (1924), 1 Fed. (2d) 954; *Lambert* v. *Yellowley* (1924), 4 Fed. (2d) 915, (affirmed 272 U. S. 581, 47 Sup. Ct. 210, 71 L. Ed. 422); *State* v. *Guinness* (1889), 16 R. I. 401, 16 Atl. 910; *Commonwealth* v. *Brelsford* (1894), 161 Mass. 61, 36 N. E. 677; *State* v. *Labrecque* (1916), 78

N. H. 182, 97 Atl. 747; *State* v. *Martin* (1910), 230 Mo. 1, 129 S. W. 931, 139 Am. St. 628; *State* v. *Fargo Bottling Works Co.* (1910), 19 N. D. 396, 124 N. W. 387, 26 L. R. A. (N. S.) 872; *In re Simmons* (1926), 199 Cal. 590, 250 Pac. 684, affirming 71 Cal. App. 522, 235 Pac. 1029; *State* v. *Gauthier* (1922), 121 Me. 522, 118 Atl. 380, 26 A. L. R. 652; *Estes* v. *State* (1917), 13 Okla. Crim. 604, 166 Pac. 77, 4 A. L. R. 1135; *Coury* v. *State* (1921), 20 Okla. Crim. 8, 200 Pac. 871; *State* v. *Brothers* (1919), 144 Minn. 337, 175 N. W. 685.

In *Everard's Breweries* v. *Day* (1924), 265 U. S. 545, 560, 44 Sup. Ct. 628, 68 L. Ed. 1174, the court said:

> "The power to prohibit traffic in intoxicating liquors includes, as an appropriate means of making that prohibition effective, power to prohibit traffic in similiar liquors although non-intoxicating."

And in *State of Rhode Island* v. *Palmer* (National Prohibition Cases), *supra*, the same court said:

> "While recognizing that there are limits beyond which Congress cannot go in treating beverages as within its power of enforcement, we think those limits are not transcended by the provision of the Volstead Act (title 2, §1), wherein liquors containing as much as one-half of 1 per cent. of alcohol by volume and fit for use for beverage purposes are treated as within that power."

In *Purity Extract Co.* v. *Lynch*, *supra*, the United States Supreme Court, affirming a judgment of the Supreme Court of Mississippi, (100 Miss. 650, 56 So. 316) held that a state may, in the exercise of its police power, prohibit the sale of intoxicating liquor, and to the end of making the prohibition effectual may include in the prohibition, beverages which, separately considered, may be innocuous; and that the courts have no concern with the wisdom of exercising the police power and unless the enactment has no substantial relation to a proper

purpose cannot declare that the limit of legislative power has been transcended.

We have likewise held in *Schmitt* v. *Cook Brewing Co., supra,* "this court has nothing to do with the wisdom or unwisdom of the legislative act." Our ■ legislature, in the same manner as the National Congress and the legislatures of most of the other states, has seen fit to make unlawful the sale of certain liquor which may not be in fact intoxicating by conclusively defining as intoxicating "all malt, vinous or spirituous liquor containing as much as one-half of one per cent. of alcohol by volume," and since this enactment (§2) has a substantial relation to the purpose of the act (ch. 48, acts of 1925), the courts cannot declare that the limit of legislative power has been transcended thereby.

The evidence adduced at the trial has not been brought up by this appeal and there is nothing in the record to show that the liquor appellant was convicted of ■ ■ possessing was not actually intoxicating. Neither is there anything in the record to show that the percentage of alcohol named in our statute (one-half of one per cent.) is not sufficient to constitute a liquor intoxicating, and this court does not judicially know what percentage of alcohol is the minimum percentage required to give a liquor the actual capacity to intoxicate the average man. As above stated, however, actual capacity to intoxicate, is not, under our statute, the exclusive test as to whether liquor is within its terms. As we recently pointed out in *Bernstein* v. *State* (1928), 199 Ind. 704, 160 N. E. 296, §2, ch. 48, acts of 1925, §2715 Burns 1926 includes three separate classifications in its definition of intoxicating liquor viz: (1) "All malt, vinous or spirituous liquors containing as much as one-half of one per cent. of alcohol by volume, (2) and

every other drink, mixture or preparation of like alcoholic content, whether patented or not, reasonably likely or intended to be used as a beverage, (3) and all other intoxicating beverages or preparations, whether alcoholic or not, intended for beverage purposes."

This method of writing prohibition acts, viz: by defining certain classes of liquors as intoxicating and then prohibiting them as such, instead of directly prohibiting them, may be open to the criticism made by the appellant that it is not logical, but it was used in the National Prohibition law, and has been used in the prohibition laws of the various states for many years, and has been uniformly upheld. The courts have held that the words of such a statute do not purport to change the nature of things and make liquors intoxicating which are not intoxicating, but that by this method it is only enacted that the words "intoxicating liquor" where used in the act shall be deemed to include any liquor containing more than the specified amount of alcohol. *State* v. *Guinness, supra; Commonwealth* v. *Brelsford, supra; State* v. *Labrecque, supra;* see also, *State* v. *O'Connell, supra.*

"What the Volstead Act does, we think," said the court in *State* v. *Gauthier, supra,* (and as we have pointed out our statute uses the same percentage of alcohol in its definition as does the Volstead act) "is to create a conclusive presumption that liquor containing alcohol in the proportion specified is intoxicating." See *Marks* v. *State* (1909), 159 Ala. 71, 48 So. 864, 133 Am. St. 20. See, also, notes in 6 L. R. A. (N. S.) 186; 20 L. R. A. (N. S.) 1146; 26 L. R. A. (N. S.) 872 and 895; L. R. A. 1917B 962; 4 A. L. R. 1140; 11 A. L. R. 1233; 36 A. L. R. 726; 8 Ann. Cas. 48.

Judgment affirmed.