THOMAS McALLISTER ET AL., Appellants, v. MARY C.
WILLIAMS ET AL., Respondents.

St. Louis Court of Appeals, November 9, 1886.

1. EQUITY — MARSHALING ASSETS — ADMINISTRATION.—The equitable
doctrine as to the marshaling of assets for the payment of the
debts of decedents has no application in this state since the enact-
ment of the statutes of administration.

2. ———— ANCESTOR AND HEIR—COVENANTS—EVIDENCE—BURDEN OF
PROOF.—In a suit against an heir on a covenant of his ancestor, the
plaintiff must show not only that the defendant has assets by de-
scent, but that administration on the ancestor's estate was closed
prior to the beginning of the suit.

3. ———— EVICTION.—In such an action to recover substantial dama-
ges on a covenant against incumbrances, the plaintiff must show
that the incumbrance existed at the date of the covenant, and that
the eviction complained of was due to such incumbrance.

4. PRACTICE—FAILURE OF PROOF.—A judgment for the defendant will
not be disturbed where there is a failure of proof of facts essential
to the plaintiff's recovery.

APPEAL from the Scotland County Circuit Court,
BEN. E. TURNER, Judge.

*Affirmed.*

SMOOT & PETTINGILL, for the appellants: It was
not necessary to present the claim against the decedent's
estate. *Sauer v. Griffith*, 67 Mo. 654. The action is
properly brought against the heirs direct, and they are
liable to the extent of the assets descended. *Walker v.*

*Deaver*, 79 Mo. 664; *Miller v. Bledsoe*, 61 Mo. 96. They are liable *pro rata*. *Metcalf v. Smith*, 40 Mo. 572. And when the breach ocurs after final settlement, a court of equity has jurisdiction to cause the damages to be paid out of personal assets. *Hall v. Martin*, 46 N. H. 337; *Penn v. Lord Baltimore*, 1 Ves. 444; *Dickinson v. Hoomes*, 8 Gratt. [Va.] 410; *Williamson v. Codrington*, 1 Ves. 511.

HIGBEE & RALEY and ELIAS SCOFIELD, for the respondents: The heir is liable to the extent of lands descended. It is admitted that no lands descended to the deendants, hence they are not liable. Rev. Stat., sect. 3944; *Metcalf v. Larned*, 40 Mo. 572; *Titterington v. Hooker*, 58 Mo. 597, 598; *Sauer v. Griffin*, 67 Mo. 657, 658; *Bates v. Norcross*, 17 Pick. 15, 18; *Thompson v. Brown*, 4 Johns. Ch. 619; Tiedeman on Real Prop., sec. 857, p. 700.

ROMBAUER, J., delivered the opinion of the court.

The following are the facts of the case as shown by the record before us :

In 1854 Thomas Richardson, the owner of certain lands in Scotland county, laid the same out as Richard, son's addition to the town of Memphis, and made a plat. thereof which was duly recorded. A strip of land was marked on said plat as Smith street. · He subsequently conveyed the lands to Eugene Williams and the latter conveyed them in 1871 to one Byrne with covenants of seizin, warranty, and against incumbrances. Eugene Williams died in 1872, leaving surviving him his widow, the defendant Mary, and two children, the other two defendants in this case. In 1875, Byrne · deeded the greater portion of the lands, including this supposed Smith street, with similar covenants as the above to the plaintiffs.

The strip of land marked Smith street on said plat was inclosed with other portions of the land, and in the exclusive possession of Williams when he conveyed to Byrne. It remained inclosed and in the possession of

Byrne and the plaintiffs until the year 1884, when the then city, formerly town of Memphis, recovered a judgment of ouster for the same in an action of ejectment instituted against the plaintiffs in 1883.

The plaintiffs thereupon instituted this suit in equity against the defendants as heirs of Eugene Williams, to recover from them damages on account of alleged breaches of covenant in the deed of 1871.

It appeared further that the defendants inherited no lands from Eugene Williams ; that upon his death administration was taken out on his estate, and that the administrator at some time had turned over personal assets to the defendant Mary, who had elected to take a child's part, in her own right, and to her as curatrix of her minor children, the other defendants herein, which assets exceed the damages sought to be recovered in this action, and are still held by the defendants.

It also appeared that the county court of Scotland county had reconveyed to Eugene Williams the strip platted as Smith street.   Also that at the time of the pendency of the ejectment suit brought by the city of Memphis against the plaintiffs, the defendants were notified of such suit and were requested to defend against it, but it did not clearly appear whether the defendants did defend.

In the present proceeding the defendants pleaded the general issue and the statute of limitations of five years and ten years, and upon the testimony as above detailed, judgment was entered in their favor.

As no error has properly been assigned in this court by the appellants, we might affirm the judgment on that ground alone, but as counsel on both sides have argued the propositions of law arising in the case with some diligence, we prefer to place our judgment on more substantial grounds.

It is evident that on no theory of the case can the plaintiffs recover in this action, without proof that the administration of Eugene Williams' estate has been

finally closed. There is no such proof in the record before us. The doctrine of equitable assets, and marshaling assets in equity for the payment of debts of decedents, has no application in this state, as it has been superseded by statutes governing the administration of decedents' estates. *Titterington v. Hooker*, 58 Mo. 597, 598.

Assuming, for the sake of argument, that the absence of positive proof on that subject is supplied in this instance by presumptions arising from the lapse of time, and other obstacles no less formidable to a recovery by the plaintiffs are encountered. The dedication to public use by plat filed by Richardson in 1854, vested the title to the strip known as Smith street, in Scotland county, in fee, in trust for the uses therein named or intended. It stands admitted that the county court of Scotland county reconveyed, by deed, this strip to Williams. As the deed is not in the record, and no objection was made to the evidence, we must assume that the deed was sufficient to remove the incumbrance complained of. How, then, can we assume that the ouster suffered by the plaintiffs in 1884, was owing to the incumbrance suffered by the grantor of Williams in 1854, when the case finds that the incumbrance was removed in the life time of Williams, and there is nothing in the record to connect the ouster with the supposed incumbrance, not even an appropriate allegation to that effect in the plaintiffs' petition.

While we do not intend to imply that the plaintiffs made out a case for equitable relief in other respects, the foregoing will suffice to show a sufficient failure of proof to warrant the judgment rendered.

The judgment is affirmed. All the judges concur.