## The State v. Yager.

1. **Intoxicating Liquors:** SALE FOR UNLAWFUL PURPOSE: WHAT IS. The sale, by one holding a permit, of beer to be used in making a drink which is not intoxicating, is a violation of the law, for which he may be punished.

*Appeal from Montgomery District Court.*

THURSDAY, OCTOBER 6.

THE defendant was indicted for keeping a nuisance in using a building in the sale of intoxicating liquor. The trial resulted in a verdict of guilty, and a judgment of a fine of $400. The defendant appeals.

*C. E. Richards* and *Smith McPherson*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ADAMS, CH. J.—At the time of the acts complained of, the defendant held a permit from the board of supervisors of Montgomery county to sell intoxicating liquors for medicinal, mechanical, culinary and sacramental purposes. The evidence tended to show that while holding such permit he sold beer by the keg, to be used by the purchaser in mixing the same with other ingredients in the manufacture of a beverage called " I. M. Soda-Water." The evidence did not show that the beverage thus manufactured was intoxicating. But the court instructed the jury that if they should find that the defendant sold beer for the purpose of making a drink known as " I. M. Soda-Water," to be used as a beverage, this would be a violation of the permit, and the same would furnish the defendant no protection. The defendant contends that such is not the law. His position is that the design of the statute is not to suppress the use of a beverage composed in part of an intoxicating liquor, if the beverage itself is not intoxicating. But, in our opinion, this position cannot be sustained. The statute is not designed merely to prevent intoxication,

but the use to any extent of intoxicating liquor as a beverage. It is only in exceptional cases that the use of intoxicating liquors as a beverage results in intoxication. It is not usually drunk in sufficient quantity to intoxicate. But the sale of liquor to be used as a beverage is a violation of the law, regardless of the quantity in which it is to be used at one time, or the extent to which it is to be diluted. A large part of the evil attendant upon the use may be done, though the particular use may not result in intoxication. The habit and appetite may be formed. Evils are sometimes dangerous in proportion to their insidiousness. The name " Soda-Water " has a very inoffensive sound, and might easily commend the drink to the inexperienced and unwary. We do not think the statute is designed to sanction the use of it as a beverage if it contains an intoxicating ingredient. The sale of the beer, in the case at bar, was a sale of it to be used as a beverage, and we are not able to see that the precise way in which it was to be used detracted much from its objectionableness. The beer contained an intoxicating ingredient, and was capable of doing the injury of intoxicating liquor, in part at least, though so diluted that the use would not result directly in intoxication.

Some evidence was introduced respecting sales which it is claimed were not sales in violation of law. The defendant contends that the jury should have been specifically instructed in regard to this evidence. But it appears to have been introduced without objection, and no instructions were asked in regard to it. On the other hand, the instructions given appear to us to be a correct expression of the law.

We think that the defendant had a fair trial, and that the judgment of the district court must be

AFFIRMED.