THE STATE v. CERTAIN INTOXICATING LIQUORS, AND CUMMINGS, CLAIMANT.

Intoxicating Liquor: DILUTED ALCOHOL : INTOXICATING AS MATTER OF LAW. Alcohol is by the statute declared to be an intoxicating liquor, and it must be so regarded, no matter how much diluted ; and a finding of the trial court that the liquors in question were not intoxicating, though shown to contain a small percentage of alcohol, is erroneous as matter of law, regardless of the effect that the drinking of such liquors may have on the average man.

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

FILED, DECEMBER 20, 1888.

CERTAIN liquors claimed to be intoxicating were duly seized under legal process. P. C. Cummings appeared and claimed to be the owner of such liquors. A trial was had before a justice of the peace, who found the liquors were not intoxicating, and ordered that they be returned to the claimant. An appeal to the district court was taken, and judgment was rendered for the defendant. The state appeals.

*H. W. Holman*, for appellant.

No appearance for appellee.

SEEVERS, C. J.—It is contended that the court erred in finding the liquors were not intoxicating. The case was submitted to the court upon the evidence of a single witness as to whether the liquors were intoxicating. Such evidence is before us. The witness is a chemist, and made an analysis of the liquor, and he testifies that one portion thereof contained "2.42 per cent. of alcohol by weight, and 3.02 per cent. by volume; and the other portion contained 2.58 per cent. by weight, and 3.22 per cent. by volume." The witness, in response to questions asked him, testified as follows: "Now what do you say to this * * * being an intoxicating liquor?" "I do not think it would intoxicate the average drinker." "Well, what do you say in regard to people who are not in the habit of using it?" "I think it would intoxicate the larger portion." "What per cent.—how many out of a hundred—would become intoxicated on these goods that contain two and one-half per cent. of alcohol?" "I think a fair proportion of them would." "Of men generally?" "Yes, sir; if they would take a fairly large quantity." "What do you say as to the two and one-half per cent. beverages producing the second effect of intoxication on the ordinary man?" "I think it would produce that effect." "On all who use it?" "Nearly all." The court must have found, under the

foregoing evidence, that the liquors were not intoxicating. This finding has the force and effect of a verdict of a jury, and cannot be disturbed if more than one conclusion can be fairly drawn from the evidence. Conceding the competency of the evidence as to the intoxicating character of the liquor, if the question to be determined rested alone on such evidence, we are disposed to think, under the settled rule prevailing in this court, it would be doubtful whether we could disturb such finding. We do not feel called on to determine such question. The statute provides that the words "intoxicating liquors," as used therein, "shall be construed to mean alcohol, wine, beer, spirituous, vinous and malt liquors, and all intoxicating liquors whatever." Alcohol is therefore an intoxicating liquor, regardless of the fact that the quantity drank at any one time would not have that effect. It is immaterial, in a statutory sense, what effect alcohol may have on the human system; it is an intoxicating liquor. However much it may be diluted, it must remain an intoxicant when used as a beverage. That is to say, the statute provides that alcohol is an intoxicant whenever and however used as a beverage; and no matter how it may be diluted or disguised, it so remains, simply because the statute so declares. The liquor in question contained alcohol, and therefore it, as a matter of law, was intoxicating. *State v. Yager*, 72 Iowa, 421, supports this view. It therefore follows that the court erred in finding as it did, and in rendering judgment for the defendant.

REVERSED.

ROBINSON, J., assents to the conclusion reached, but does not agree to all the grounds upon which it is based.