NELLIE J. MEEKER, Respondent, v. J. N. STRAAT, Administrator, Defendant, AND WM. H. SWIFT, Intervenor, Appellant

St. Louis Court of Appeals, December 3, 1889.

1. **Actions, Collusive.** An amicable suit may be brought to determine the respective rights of the parties thereto; but, if its purpose be to affect the rights of one who is not a party, it is collusive, and will not be entertained.

2. **Administration** : REDEMPTION OF ENCUMBERED PROPERTY. *Semble* that when an administrator, in good faith, and in the interest of the estate, but without any order of the probate court, redeems property which is mortgaged and largely in excess in value over the amount of the mortgage debt, he may be allowed credit for the outlay in his accounts in the probate court.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND DISMISSED.

*Dennis Devoy* and *Hiram J. Grover*, for appellant.

*John A. Gilliam*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff filed her bill in equity, stating in substance the following facts : She is the widow of Joseph R. Meeker, who died in September, 1887, being at the time indebted on two promissory notes executed by him, one for the sum of four hundred and ten dollars and interest, and the other for the sum of one hundred and nine dollars and interest, the former of these notes being secured by a deed of trust, and the latter by chattel mortgage, on certain personal property of the deceased, both such deed and mortgage being duly recorded. After her husband's death, she bought these

notes for full value. The petition further states that the defendant, Straat, was appointed administrator of her husband's estate, and, afterwards, well knowing of the existence of these mortgages, sold the personal property they covered at administrator's sale, without disclosing the fact that it was subject to these mortgages, for a sum three times the amount of the encumbrance, and now holds the money derived from the proceeds of the sale as administrator, and refuses to pay to her the said notes, so secured by mortgage and deed of trust, out of such proceeds, but threatens to pay two judgments recovered by Wm. H. Swift, in the lifetime of the deceased, duly exhibited and classified in the fourth class of demands, in preference to such mortgage debts, and that the estate is insolvent, and the assets are insufficient to pay the notes held by the plaintiff, and the judgment claims in full. The petition further charges that the plaintiff bought said notes in ignorance of the law, believing that their amount would first be paid out of the proceeds of the sale of the encumbered property. The prayer of the petition is as follows :

"Inasmuch as, by the strict rules of law, plaintiff, if she presented her claims in said probate court, would be placed in the fifth class and subsequent to said Swift's claim, and would thereby be deprived of her legal right to first lien, and to first payment, and would be deprived of her equitable right to follow the fund derived from the effects covered by her encumbrances, and said probate court has no power to protect plaintiff's equitable rights, and no other court of law can effectually do so, plaintiff is without remedy at law. And, inasmuch as said fund has gone into said defendant's hands, through plaintiff's mistake of the law, and ignorance of her rights in the premises, and, inasmuch as plaintiff bought said note for four hundred and ten dollars, believing that it was a first charge upon said

fund, as in right and equity it is and ought to be, and said notes and encumbrances are, in equity and right, a first charge upon the fund in the hands of the defendant, arising from the sale and conversion of the effects covered by them.

"Plaintiff asks that defendant be enjoined from paying said judgments, above mentioned, until he shall have first paid to plaintiff the amounts due her on said two notes, and an order and decree that he at once pay said notes as prayed for, and such other and further relief as is proper."

The defendant administrator answered, admitting all the allegations of the petition to be true.    Wm. H. Swift, the judgment creditor, having obtained leave to intervene, filed an answer in which he denied all allegations of the petition, except that defendant Straat was administrator, and had sold the personal property belonging to the estate.    The answer further stated that there was no equity in the bill, and that the plaintiff had an adequate remedy at law.

The only witnesses upon the hearing were the administrator and the prior holders of the mortgage notes.    Their testimony and some documentary evidence was all the evidence in the case.    As the evidence is all before us for review, we find the facts of the case to be as follows: The plaintiff, shortly after her husband's death, became aware that all his property, with some trifling exceptions, was covered by the two mortgages.    She called upon the defendant, who took a friendly interest in her, for advice, and prevailed upon him to take out letters of administration, which he did. The statute prohibiting sale, under mortgage, of a decedent's property within nine months after his death, and it becoming advisable that the property be sold as speedily as possible to save expense of storage, and the increase of the encumbrances by accumulation of interest, the plaintiff and administrator set about to devise

some means to make a sale at the earliest date, on the most advantageous terms. With that view, they called upon the mortgage creditor, and the administrator bought, or paid, the smaller note at once, and the parties agreed with the holder of the larger note that, if the administrator would be permitted to sell the property, he would be first paid out of the proceeds of sale. The administrator then sold all the property on November 3, and did pay to the holder of this larger note its amount and interest, on the eleventh of that month.

The administrator testified that he was reimbursed by Mrs. Meeker for these outlays, but his evidence gives rise to the inference that the reimbursement consisted in not paying over to her the allowances to which she was entitled by statute and orders of the probate court. The administrator is an attorney at law, and there is no evidence that the plaintiff, who acted by his advice, acted in ignorance of the law. There was no evidence that the sale by the administrator was wrongful as against the plaintiff; on the contrary it appears that it took place with her knowledge and consent and in her presence. The widow and administrator acted throughout in concert, and under the impression that the estate was solvent, and that the administrator's sale at the earliest time was the best for all parties interested and particularly for the widow who seems to be the sole distributee. Neither of them had any idea of the existence of these Swift judgments. The administrator testifies: "Didn't dream of their being any. I wouldn't have advised perhaps as I did if I had known of them, and I was careful on more than one occasion to inquire of her and charge her specially not to make any mistake about any claim, that might come in, and she was so satisfied that there would be no other claim than those that we knew of, that it was thought advisable, under the circumstances, that she should buy these mortgages and

have the control of them, so that there could be no interference with the sale."

Neither was there any evidence, whatever, that the administrator threatened to pay these judgment claims in preference to plaintiff's claim upon the notes; on the contrary whatever evidence there was, was to the effect that he always maintained, and still maintains, that the notes are entitled to be paid in preference to the judgments, out of funds in his hands.

When it first appeared that the administrator's evidence was opposed to the allegations in the plaintiff's petition, and the admissions of his own answer, the intervenor objected to the evidence, but the court overruled the objection, and at the close of the case made a decree as prayed for, although it is apparent from the foregoing recital of the evidence, that the allegations of the plaintiff's cause of action, to which her proof was directed, were unproved, not in some particular or particulars only, but in their entire scope and meaning.

This decree cannot stand. Suits contemplate adversary parties, although amicable suits may be brought to determine the respective rights *of the parties thereto.* When a suit is brought with a view of affecting the rights of third parties, and it is apparent that that is its sole object, the suit ceases to be adversary and becomes collusive. No court should lend its aid to such a proceeding, least of all a court of equity. The administrator in this case, with the best motives it is true, having paid out funds of the estate in his hands for these mortgages, and finding himself involved in difficulties, owing to the discovery of other preferred claims, advances the plaintiff to make this fight nominally in her behalf, but in reality in his own, and, in order to enable her to do so, becomes even her security for costs.

If the case were as stated in her petition, her remedy at law would be complete. If the sale by the administrator as against her were wrongful, she might

sue him as for a conversion, and probably might even follow the fund in equity as long as it could be identified. But her proof makes no such case. By standing by and seeing the administrator sell the property as unencumbered property of the estate, she is equally estopped from suing the administrator as for a conversion, and from asserting a specific lien on the property. and the proceeds, which she has waived by her conduct, and which she cannot re-establish upon the discovery of other claims against the estate.

The proper course of the administrator, upon discovering the true state of facts, was to apply to the probate court for leave to redeem the mortgaged property under the provisions of section 143 of the Revised Statutes. As the administrator has unquestionably acted from the best of motives, and as the sequel shows for the best interest of all parties concerned, he may even now ask credit for the amounts thus paid out, as paid out under circumstances contemplated under the provisions of that section. It would seem that, as the administration is still open, the probate court might even at this date allow such claim as a claim under that section, or as an advance made by the administrator for the benefit of the estate, if presented to it in proper form. The property, owing to its careful handling by the administrator, sold for two thousand dollars and fifty-five cents, which was seven hundred and six dollars and twenty-five cents more than its appraised value, and over fourteen hundred and fifty dollars more than the amount of the mortgages, and it seems but plausible that, if the property would have been closed out under the mortgages, the judgment creditor as well as the widow would have received but little, if anything.

All these facts tend to show a claim of the administrator for relief in the proper tribunal. While the probate court is not invested with independent equity jurisdiction, it is the proper forum to settle all matters

which appertain strictly to the administration of the decedent's estate, and in doing so may, and often does, exercise powers of an equitable nature. *Titterington v. Hooker*, 58 Mo. 593; *Ensworth v. Curd*, 68 Mo. 282; *Hammons v. Renfrow*, 84 Mo. 332; *McAllister v. Williams*, 23 Mo. App. 286.

All these considerations lead to the inevitable conclusion that the decree in the present case was unwarranted by the law and the evidence, and that the trial court instead of rendering a decree for plaintiff should have dismissed her bill. Judgment reversed and bill dismissed. All the judges concur.