## W. W. CLAUNCH v. THE STATE.

No. 4640.  Decided May 15, 1918.

Rehearing granted May 15, 1918.

**1.—Selling Non-intoxicating Liquor Without License—Statutes Construed —Amendment.**

The amendment of the statutes defining disorderly houses known as article 496, P. C., repeals article 157, P. C., which levys an annual occupation tax on all persons selling non-intoxicating malt liquors, and this conviction being under said last-named article can therefore not be maintained, and the judgment of the lower court and its affirmance in this court must be set aside and the cause is reversed and dismissed.  Following Johnson v. Elliott, 168 S. W. Rep., 968, and other cases.

**2.—Same—Statutes Construed—Irreconcilable Conflict.**

·The provisions of article 157, P. C., licensing and making lawful, upon payment of the tax, the sale of non-intoxicating malt liquors in its application to prohibition territory, are manifestly conflicting to a degree rendering them irreconcilable with article 496, P. C., which makes it unlawful to sell such liquors in such territory.

Appeal from the County Court of Fisher.  Tried below before the Hon. M. A. Hopson.

Appeal from a conviction of unlawfully selling non-intoxicating liquors without license in prohibition territory; penalty, one hundred and fifty dollars fine and thirty days confinement in the county jail.

The opinion states the case.

*E. L. Watson* and *Chas. L. Black,* for appellant.—On question of conflict of statutes, and repeal thereof:  Ex parte Woods, 52 Texas Crim. Rep., 575; State v. Texas Brew. Assn., 106 Texas, 122; Johnson v. Elliott, 168 S. W. Rep., 968; Ex parte Vaccarizzio, 105 S. W. Rep., 1122; Fahe v. State, 27 Texas Crim. App., 146; Harris v. State, 9 id., 308· Roland v. State, 12 id., 418.

*E. B. Hendricks,* Assistant Attorney General, for the State.

ON REHEARING.

May 15, 1918.

MORROW, JUDGE.—Appellant insists that, conceding the soundness of the views expressed in the opinion heretofore rendered to the effect that the law in question was valid, a reversal should result from the fact that by a subsequent Act the Legislature repealed the law.

The prosecution was founded upon a violation of article 157 of the Penal Code, which is on page 51 of the Acts of 1909, and amended by the special session of the same Legislature, page 357, and is in Vernon's Civil Statutes, article 776, and Penal Code, articles 157, 158, 160.  It levies an annual occupation tax of $2000 on all persons selling non-intoxicating malt liquors.

In August, 1910, the Thirty-first Legislature, at its Third Called Session (see page 32) passed an Act amending the statute defining disorderly houses, and in this law as amended the following is found:

"Any house located in any county, justice precinct, or other subdivision of a county where the sale of intoxicating liquors has been prohibited under the laws of this State in which such non-intoxicating malt liquor is sold or kept for the purpose of sale as requires a seller thereof to obtain an internal revenue license under the laws of the United States as a retail malt liquor dealer, or any house located in any county, justice precinct or subdivision of a county in which the sale of intoxicating liquors has been legally prohibited, where the owner, proprietor or lessee thereof has posted a license issued by the United States of America authorizing such owner, proprietor or lessee thereof to pursue the occupation and business of a retail liquor dealer or a retail malt liquor dealer."

This amendment to the disorderly house statute is in the Penal Code, article 496, and article 500 prescribes a penalty for its violation in the sum of a two hundred dollar fine and confinement in the county jail for twenty days.

It was held by the Court of Civil Appeals, in the case of Johnson v. Elliott, 168 S. W. Rep., 968, in which the Supreme Court refused a writ of error, that the last named statute repealed article 157, supra, the license statute, in so far as the latter authorizes the issuance of a license for the sale of non-intoxicating malt liquors in parts of the State where the sale of intoxicating liquors was prohibited. In that case Johnson, the appellant, sought a mandamus to compel Elliott, the tax collector, to issue a license for the sale of non-intoxicating malt liquors at a place in Tarrant County where the sale of intoxicating liquors was prohibited by law. He tendered the payment of the two thousand dollar tax and otherwise complied with the requisites prescribed by articles 7476 and 7477, Revised Civil Statutes, supra. The mandamus was refused on the ground that article 496, supra, made it unlawful to sell non-intoxicating malt liquors in prohibition territory, and that consequently no license therefor could be issued. This ruling was correct, for courts will not enforce a law, nor can the Legislature pass one, which levies an occupation tax upon the business of selling an article in a district of the State in which its sale is prohibited. State v. Texas Brewing Co., 106 Texas, 121; Rathburn v. State, 88 Texas, 286.

The provisions of article 157, supra, licensing and making lawful, upon payment of the tax, the sale of non-intoxicating malt liquors, in its application to prohibition territory, are manifestly conflicting to a degree rendering them irreconcilable with article 496, supra, which makes it unlawful to sell such liquors in such territory. Non-intoxicating malt liquor as defined in our statute, and as used in each of the laws in question, is a fermented malt liquor containing alcohol in quantities insufficient to produce intoxication when drunk as a beverage. See authorities cited in original opinion. The Legislature had the

power as a police regulation to prohibit the sale of such liquors in territory where the sale of intoxicating liquors is prohibited by law, this right existing to protect public health and morals, and to aid in the enforcement of the prohibition laws adopted under the local option provision of the Constitution. Ex parte Dupree, 101 Texas, 150; Fitch v. State, 58 Texas Crim. Rep., 367; Purity Extract & Tonic Co., 226 U. S. Sup. Ct. Rep., 192, 57 L. Ed., 184, and other cases cited in the original opinion.

The conflict between the two provisions, article 157 and article 496, supra, is illustrated by the fact that the appellant, who was here prosecuted for selling non-intoxicating liquors at a certain place in Fisher County without a license, is also prosecuted under article 496 for keeping a disorderly house in the same place, this based upon the fact that he kept in his house for sale non-intoxicating malt liquors. In this latter case, No. 4615, on the dockets of this court, he has been convicted and condemned to pay a fine and serve a jail penalty, and the conviction has been affirmed. His conviction in this case is for failure to obtain a license which under the law could not be issued to him, because the Legislature by the passage of article 496, supra, as construed by the civil courts, within whose jurisdiction is the question of the issuance of license, has determined that in prohibition territory no license for the business in question can be issued. The Legislature doubtless reached the conclusion that the passage of article 496, prohibiting sales of non-intoxicating malt liquors in subdivisions of the State where the sale of intoxicating liquor was prohibited, was a more effective way of accomplishing the purpose in view of preventing sales of non-intoxicating malt liquors in such districts than by means of the license statute mentioned, and to have adopted the prohibition statute in lieu of the license statute and thereby annul the latter so far as such districts are affected.

For the reasons stated the motion for rehearing is granted, the affirmance of the case is set aside, and the judgment of the lower court is reversed and the cause dismissed.

*Reversed and dismissed.*