## STATE v. ANDREW BROTHERS.[1]

### December 19, 1919.

### No. 21,599.

**Constitution — delegation of legislative power—statute contingent on an act of Congress.**

1. Chapter 455, Laws 1919, is not unconstitutional as a delegation of legislative power to Congress. If an act of the legislature is complete in itself, the legislature may provide that its operation shall be contingent on the existence of an act of Congress of a certain purport.

**Same — provisions of act germane to its subject.**

2. The statute does not contain more than one subject. There is but one general subject, the prohibition of the liquor traffic. The provisions making places where liquors are manufactured and sold nuisances, and providing for their abatement, are germane to this general subject.

**Same — enforcement of War Prohibition Act.**

3. The provision that the statute is intended to provide for the enforcement of the War Prohibition Act of Congress does not constitute a separate subject.

**Transportation of liquor forbidden.**

4. The statute prohibits the transportation of liquor whether for purposes of sale or otherwise, medicinal and other permitted purposes excepted.

**Intoxicating liquor — how legislature may enforce prohibition.**

5. In order to make the enforcement of prohibition effective, the legislature may prohibit traffic in beverages near to intoxicants, though not actually intoxicating. The fact that the legislature declares such beverages intoxicating does not invalidate such prohibition. It is within the power of the legislature to prohibit the manufacture, transportation and sale of liquor containing one-half per cent of alcohol.

**Same — act not in conflict with act of Congress.**

6. The statute is not in conflict with the act of Congress. That it is broader in its prohibitions does not invalidate it.

[1]Reported in 175 N. W. 685.

144 M.—22.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of unlawfully transporting one gallon of intoxicating liquor in the city of Minneapolis. Defendant demurred to the indictment. The demurrer was overruled, Jelley, J., and at defendant's request ten questions were certified to the supreme court as set out at the beginning of the opinion. Affirmed.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Assistant Attorney General, *William M. Nash*, County Attorney, and *Willis I. Norton*, for plaintiff.

*Donald G. Hughes*, for defendant.

HALLAM, J.

The indictment charged the defendant with unlawfully transporting one gallon of intoxicating liquor in the city of Minneapolis. Defendant demurred to the indictment. The court overruled the demurrer and certified the following questions to this court:

(1) Do the facts stated in said indictment constitute a public offense against the laws of the state of Minnesota?

(2) Is chapter 455 of the laws of Minnesota 1919 constitutional?

(3) Does the title of said act embrace more than one subject contrary to article 4, section 27, of the Constitution of Minnesota?

(4) Does the title of said act embrace more than one subject which is not expressed in its title contrary to article 4, section 27, of the Constitution of Minnesota?

(5) Is section 27 of said act, and particularly the part referring to the act of Congress of November 21st, 1918, commonly known as "War Prohibition," a separate subject not expressed in the title of said act?

(6) Has the legislature of Minnesota the power under the Constitution of this state to enact said act?

(7) Under section 27 of said act, did the legislature of Minnesota delegate its police powers away to the Federal government?

(8) Does the interpretation and enforcement of said act at the present time depend upon the provisions of the act of Federal Congress of November 21st, 1918, commonly known as "War Prohibition," and if so

is said act contrary to said legislation of Congress, and if so contrary is this act of the Minnesota legislature void?

(9) Is the question as to what is intoxicating liquor, as defined under section 1 of said act, a judicial one for the courts, or one for the legislative branch of government, or, in other words, has the legislature the power to define that intoxicating liquors are such if they contain one-half of one per cent or more of alcohol by volume?

(10) Does section 2 of said act only forbid the transportation or keeping of liquor for the purpose of sale or does it forbid the transportation for any purpose?

1. The prosecution is under chapter 455, p. 537, Laws 1919. The claim is made that this statute is unconstitutional as a delegation of the legislative power of the state to the Federal government. This is based on the provision of section 27 that the statute is "intended to provide for the enforcement of * * * the provisions of the act of Congress of November 21, 1918, commonly known as War Prohibition."

The legislature cannot delegate its power to make laws, but, having general power of enacting laws, it may enact them in its own way and give them such effect as it chooses. It may provide that a law shall go into effect at one time or another, absolutely or on condition, and, if the act is complete in itself, it is within the scope of the legislative power to prescribe that it shall become operative only on the happening of some specific contingency. 12 C. J. 864, and cases cited; Sutherland, St. Const. § 71; Blanding v. Burr, 13 Cal. 343, 357.

This principle is well settled in this state. In State v. Sullivan, 67 Minn. 379, 69 N. W. 1094, it was held that the taking effect of a statute may be made contingent on a vote of a city council, and that this does not constitute a delegation of legislative power, and that when that event happens the statute takes effect and becomes law, by force of the legislative action, as fully as if the legislature had unconditionally fixed the time when it should take effect. Such a law is not incomplete.

The same principle is settled in the Supreme Court of the United States. In The Aurora v. United States, 7 Cranch, 382, 3 L. ed. 378, it was held that the operation of an act of Congress may be made to depend on the contingency of certain action by a foreign government, and

the court could "see no sufficient reason why the legislature should not exercise its discretion in reviving the act * * * either expressly or conditionally, as their judgment should direct." This situation frequently arises in the case of so-called retaliatory statutes. There is nothing in our Constitution which, either expressly or impliedly, forbids the legislature from providing that the operation of a state statute shall be made contingent on the existence of an act of Congress of a certain purport.

2. Defendant contends the act violates article 4, section 27, of our state Constitution, which provides that no law shall embrace more than one subject. The contention is that the title embraces three subjects, the prohibition of the manufacture and sale of liquor, the regulation of the manufacture and sale of liquor, and an attempt to define nuisances and to provide for their abatement.

What the Constitution requires is that a statute shall embrace but one general subject, and that all matters contained in it shall be so related to each other as to be fairly germane to that subject. Johnson v. Harrison, 47 Minn. 575, 141 N. W. 526; State v. Sharp, 121 Minn. 381, 141 N. W. 526; State v. People's Ice Co. 124 Minn. 307, 144 N. W. 962. We can see here but one general subject, the prohibition of the traffic in intoxicating liquors for beverage purposes. The provisions as to nuisances have relation to the enforcement of the prohibition and pertain to the general subject of the act. City of Wilson v. Herink, 64 Kan. 607, 68 Pac. 72; see State v. Scoville, 197 Ala. 223, 72 South. 546; State v. Moran, 46 Wash. 596, 90 Pac. 1044.

3. Defendant contends that the provision of section 27 that the act is intended to provide for the enforcement of war-time prohibition, constitutes a separate subject, which should be expressed in the title to the act. Clearly it does not. This language is merely an expression of one of the purposes to be accomplished by the act.

4. Defendant contends that the statute forbids the transportation of liquor only when transported for purposes of sale, and that, since the indictment does not charge that the transportation was for the purposes of sale, it is faulty. With this construction of the statute we do not agree. The statute forbids the "manufacture, sale, disposition or transportation * * * or the keeping or having in possession, for sale, disposition or transportation." This language is so plain that it is not open to con-

struction. It forbids all manufacture, sale, disposition or transportation, of intoxicating liquors save for medicinal, and other uses, excepted elsewhere in the act, and it forbids the keeping or having in possession for sale, disposition or transportation.

5. The act defines intoxicating liquor as "any distilled, fermented, spirituous, vinous or malt liquor * * * whenever any of said liquors * * * contain one-half of one per cent or more of alcohol by volume." Defendant contends that the determination as to what liquor is intoxicating is a judicial question and not a legislative one and that this provision of the act invades the province of the courts and that it is void.

As said in State v. Hosmer, infra, page 342, 175 N.W. 683, it is within the police power of the state to prohibit all traffic in intoxicating liquors, including the manufacture, sale, transportation and possession thereof. In order to make the enforcement of these prohibitions effective the state may prohibit traffic in beverages near to intoxicants, even though not intoxicating in themselves. Purity Extract & Tonic Co. v. Lynch, 226 U. S. 192, 33 Sup. Ct. 44, 57 L. ed. 184; Claunch v. State (Tex. Cr. App.) 203 S. W. 891; State v. Walder, 83 Oh. St. 68, 93 N. E. 531; State v. Frederickson, 101 Me. 37, 63 Atl. 535; Joyce, Intoxicating Liquors, § 9; Woolen and Thornton, Intoxicating Liquors, § 114; Marks v. State, 159 Ala. 71, 48 South. 864, 133 Am. St. 20; State v. Intoxicating Liquors, 76 Iowa, 243, 41 N. W. 6, 2 L.R.A. 408; Commonwealth v. Brelsford, 161 Mass. 61, 36 N. E. 677. It is not important that the legislature has declared liquor containing one-half per cent alcohol intoxicating. Liquor with such content of alcohol comes within the class of near intoxicants. The state may include it within its prohibition whether intoxicating or not. Whether it will do so or not is a matter of legislative discretion.

6. Defendant contends that the act is controlled by the act of Congress, and if in conflict with the act of Congress it must fail. As held in State v. Hosmer, supra, though the expressed purpose of the act is to make the War Prohibition Act of Congress more effective, still our statute is a complete and independent act in itself, and is to be construed according to its own terms. Its interpretation and its enforcement are not circumscribed by the provisions of the act of Congress. It may be broader in its prohibitions. This is not a case where Congress has usurped

the whole field.  We recently held that the act of Congress for the suppression of the traffic in narcotics might be supplemented by state legislation and that the state legislation might be more rigorous in its terms than the Federal act.  State v. Whipple, 143 Minn. 403, 173 N. W. 801.  The same principle applied here.  If our statutes were in conflict with the act of Congress a different question would be presented, but we are of the opinion that there is no conflict between them.

Some of the questions certified are discussed in State v. Hosmer, supra, and they need not be further discussed here.

The first, second and sixth questions are answered yes.

The third, fourth, fifth and seventh are answered no.  The other questions are answered as follows:

8.  Our statute is an independent act, not in conflict with the act of Congress, and not circumscribed in its construction by the provisions of the act of Congress.  It is not void.

9.  The legislature has power to prohibit traffic in liquor containing one-half per cent alcohol, whether the proof shows that it is intoxicating or not.

10.  Our statute prohibits transportation of intoxicating liquors for any purpose, medicinal and other permissive uses excepted.

Order affirmed. .