# STATE EX REL. LOUIS BERMAN v. EARLE BROWN, AS SHERIFF OF HENNEPIN COUNTY.[1]

November 10, 1921.

No. 22,702.

**Penalty for illegal transportation of liquor.**

> The penalty for unlawfully transporting intoxicating liquor, under chapter 455, Laws of 1919, supplemented by chapter 335, Laws of 1921, and amended by chapter 391, Laws of 1921, is the destruction of the liquor, the forfeiture of the vehicle in which it is being transported, and a fine and imprisonment.

Upon the relation of Louis Berman the district court for Hennepin county granted its writ of habeas corpus directed to Earle Brown, as sheriff. From an order discharging the writ, Nye, J., and remanding relator to the custody of respondent, relator appealed. Affirmed.

*Brady, Robertson & Bonner,* for appellant.

*Floyd B. Olson,* County Attorney, for respondent.

LEES, C.

The relator was indicted for the crime of transporting intoxicating liquor, entered a plea of guilty and was sentenced to pay a fine of $150 and be confined in the workhouse of the city of Minneapolis for 30 days, and, in default of the payment of the fine, for an additional 30 days. A commitment was issued, under which he was imprisoned. Alleging that the court was without jurisdiction to sentence him to pay a fine or to be imprisoned, he obtained a writ of habeas corpus from the district court of Hennepin county. The writ was discharged and he appealed.

He contends that the sentence passed upon him was beyond the jurisdiction of the court, for the reason that under chapters 335 and 391, pp. 507, 589, Laws of 1921, the offense of transporting intoxicating

[1]Reported in 184 N. W. 1025.

liquor is not punishable either by fine or by imprisonment. Chapter 455, p. 537, Laws of 1919, prohibited the transportation of intoxicating liquor within this state. State v. Brothers, 144 Minn. 337, 175 N. W. 685. Subdivision A of section 25 of that act provides that the penalty for manufacturing or selling such liquor (transportation not being mentioned) shall be a fine for the first offense and a fine and imprisonment for each subsequent offense. Subdivision E provides a like penalty for a wilful failure or neglect to perform any duty imposed by the act or for any violation of any of its provisions for which no special penalty is prescribed. We think this subdivision prescribed the penalty for the offense of unlawfully transporting liquor.

Chapter 335, p. 507, Laws of 1921, was enacted to provide for the enforcement of the laws prohibiting such transportation and was declared to be supplemental to the act of 1919 and not to modify or repeal any of its provisions. It provides for the seizure and destruction of the liquor and for the seizure and sale of the vehicle in which it is transported, the proceeds of such sale to be paid into the county treasury of the county where the seizure takes place.

Section 24 of chapter 455, p. 547, Laws of 1919, charged certain public officers with the duty of enforcing the provisions of that act and declared that any official who should wilfully refuse or neglect to perform a duty imposed by the act should be removed from office and forfeit not less than $100 nor more than $500, to be recovered in an action against him personally or on his official bond. This section was amended by section 14, chapter 391, p. 597, Laws of 1921, but the forfeiture clause in the original section was not disturbed. Section 25 of the act of 1919 was also amended. As amended, subdivision E thereof reads: "Any person who shall wilfully fail or neglect to perform any duty imposed by this Act or who shall violate any of the provisions thereof, for which no special penalty or forfeiture is prescribed herein shall upon conviction thereof * * * be punished," etc.

It is contended in relator's behalf that a special penalty or forfeiture was prescribed for the unlawful transportation of liquor by chapter 335, p. 507, Laws of 1921, providing for the seizure and destruction of the liquor and the forfeiture of the vehicle in which it is being transported,

that there is no other penalty and hence no authority for the imposition of a fine or a sentence to imprisonment. We cannot place this construction upon the several acts in question. The confiscation of the liquor and the vehicle in which it is carried was in addition to the penalty prescribed by the 1919 act. The words "or forfeiture," inserted in subdivision E by the 1921 amendment thereto, clearly refer to the forfeiture exacted from a public officer wilfully refusing or neglecting to perform an official duty required by the law, and was probably intended to exempt him from punishment by fine and imprisonment in addition to the forfeiture provided for, on the theory that, if subject to both, the penalty would be too severe.

The order discharging the writ is therefore affirmed.