## STATE v. CHRIS W. FICK.[1]

July 24, 1925.

No. 24,814.

**Sentence not excessive on conviction for having intoxicating liquor for sale.**

Upon conviction of having in his possession, for sale, a quantity of intoxicating liquor, in violation of section 3201, G. S. 1923, appellant was sentenced to pay a fine of $300 and be confined in the county jail for the term of 90 days, and, to enforce the payment of such fine, be confined in the county jail beyond said 90 days until such fine and costs of prosecution be paid, not exceeding 90 days additional. *Held*, that G. S. 1923, § 3225 (e), applies, and that the sentence was authorized and is not excessive.

1. See Intoxicating Liquors, 33 C. J. pp. 796, 797, § 553.
2. See Intoxicating Liquors, 33 C. J. p. 586, § 199.

Upon information filed by the county attorney of Goodhue county, charging him with having in his possession 150 gallons of intoxicating liquor, defendant was tried in the district court for that county before Johnson, J., and a jury, and convicted. Defendant appealed. Affirmed.

*Albert Mohn* and *Frank M. Wilson,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Theodore N. Ofstedahl,* County Attorney, for respondent.

QUINN, J.

The appellant was arrested, tried and convicted of having in his possession for sale 150 gallons of intoxicating liquor, in Goodhue county, on June 7, 1924. He was sentenced to pay a fine of $300 and be confined in the county jail for the term of 90 days, and, to enforce the payment of such fine, that he be confined in the county jail beyond the 90 days until the fine and costs of prosecution be

[1]Reported in 204 N. W. 942.

paid, not exceeding 90 days additional. The penalty imposed was that prescribed by G. S. 1923, § 3225 (e), hereafter noted. There is no record before us and but one question is presented for decision upon this appeal, viz: Whether the sentence imposed is excessive and unauthorized.

Section 3201, G. S. 1923, forbids the sale or transportation or keeping or having in possession, for sale, or transportation, any kind of intoxicating liquor in any quantity whatever. Section 3225. The complaint was under this section for having in possession for sale. No specific penalty is prescribed for this particular offense. Section 3225 (e) provides that any person who violates any of the provisions of this act for which no penalty is specifically prescribed, shall be punished by imprisonment in the county jail for not less than 30 nor more than 90 days, and by a fine of not less than $50 nor more than $300. If this subdivision, under which the defendant was sentenced, applies to the offense charged in the instant case, then it will hardly be claimed that the sentence is erroneous; and it does apply unless the offense charged is a nuisance under section 3200, which defines nuisance as including "the premises and every place where liquor in any quantity is manufactured or sold or kept or had for sale. * * *." The penalty for maintaining a nuisance is prescribed by the statute, and it is less than that fixed by section 3225 (e) for having in possession for sale, and less than that imposed by the court on the defendant.

There inheres in the definition of a nuisance the thought of a "place" or "premises" maintained in connection with the unlawful sale of intoxicating liquor. And it may be noted that section 3209, et seq., provides in drastic terms for its abatement. This helps distinguish the two offenses, maintaining a nuisance, and having and keeping for sale intoxicating liquor.

The unlawful possession of liquor is not necessarily an element of the offense of maintaining a nuisance, even if the possession existed at the same time as the maintenance of the nuisance, since it may have been for other illegal purposes than that of barter or sale. Unlawful possession, as defined by section 3201 of the statutes, is

not limited to possession for sale or commercial purposes, but embraces possession for any purpose not permitted by that act. See Feinberg v. United States (C. C. A.) 2 F. (2d Ser.) 955. In that case it was held that the two offenses may be charged separately.

There may be noted in connection with the penalty prescribed by section 3225 (e) State v. Brown, 150 Minn. 293, 184 N. W. 1025, and State v. Brendeke, 158 Minn. 239, 197 N. W. 273. Sentence was properly imposed under section 3225 (e).

The imposition of imprisonment to coerce the payment of the fine in addition to the imprisonment as punishment, was not erroneous. State v. Peterson, 38 Minn. 143, 36 N. W. 443.

Affirmed.